**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

| | |
|---|---|
| DAWARI DAN-HARRY on behalf of himself and all others so similarly situated, | ) ) ) |
| *Plaintiff,* | ) ) |
| vs. | ) ) |
| PNC BANK. N.A., | ) ) |
| *Defendant.* | ) ) ) |

CA NO.

CLASS ACTION COMPLAINT

JURY DEMAND

## INTRODUCTION

1.      Representative Plaintiff Dawari Dan-Harry, on behalf of himself and all other similarly-situated individuals ("Plaintiffs") brings this class action as described in the paragraphs set forth herein.

2.      Plaintiffs seek a declaratory judgment that the Defendant foreclosed mortgages, sold mortgaged properties at Mortgagee's Foreclosure Sales, and conveyed those properties without possessing specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to R.I.G.L. § 34-11-34.

3.      The Defendant also was not authorized to accelerate or foreclose Plaintiffs mortgages as those actions were in breach of paragraph 9(d) of those mortgages and were not permitted by regulations of Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604(b). Therefore, this complaint seeks damages arising from the wrongful actions of the Defendant by conducting non-judicial foreclosures, Mortgagee's Foreclosure Sales, and conveying real property in violation of R.I.G.L. § 34-11-34, for breach of contract, and violation of 24 CFR 203.604(b).

1

## JURISDICTION AND VENUE

4.     Venue is proper in this Court in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

5.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(a), this complaint is a putative class action in which the class is so numerous that joinder of all members is impracticable, there are questions of law and fact common to the class, and the claims of the Representative Plaintiff are typical of the claims of the class. Further, the Representative Plaintiff will fairly and adequately protect the interest of the class.

6.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(2), the Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

7.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3), the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(A), it is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

9.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(B), the specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

10.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(C), it is desirable to concentrate the litigation of the claims in this particular forum.

11.     Pursuant to R.I. Superior Ct. R. Civ. P. Rule 23(b)(3)(D), there are little to no difficulties likely to be encountered in the management of a classification.

12.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

13.     In the alternative, Plaintiff and members of the class claim a right to seek actual, exemplary, punitive, and monetary damages for the Defendant's violation of R.I.G.L. § 34-11-34, breach of the mortgage contract and violation of 24 CFR 203.604(b).

14.     Plaintiff and members of the class claim a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to their properties are affected by any conveyance of another person in each of their chain of title.

**PARTIES**

15.     Representative Plaintiff Dawari Dan-Harry is a citizen of the State of Rhode Island and claims to be the rightful owner of the property located at 84 Corinth Street, Providence, RI 02907, which is the subject property as noted herein.

16.     Defendant PNC Bank, N.A. is a residential mortgage servicing and banking related services company, located at 4282 N. Freeway, Fort Worth, TX 76137.

**GENERAL FACTS AND RELEVANT BACKGROUND**

17.     The majority of mortgages made in this country are securitized. Simply put, the originating lender grants the initial loan and the borrower gives a promissory note (underlying obligation) and mortgage (security instrument) to that originating lender. The originating lender then typically "pools" that mortgage and note with other mortgages and notes, and sells all of

3

their interest in and title to those notes and mortgages to a trust. The trust then sells "bonds" or "certificates" representing a percentage of the assets of the trust, mainly the notes and mortgages, and the cash flows associated with the monthly payments made thereon.

18. Mortgages insured by the Federal Housing Authority (FHA) and their corresponding underlying obligations (notes) are originated by entities, such as Defendant PNC's predecessor in interest, Commonwealth United Mortgage, and are then pooled and transferred into mortgage backed trusts. Trusts backed by FHA insured mortgage loans are administrated by Government National Mortgage Association (Ginnie Mae). Ginnie Mae is a wholly-owned corporate instrumentality of the United States located within the Department of Housing and Urban Development and was created by the Housing and Urban Development Act of 1968, 825 Stat. 491. Its powers are prescribed generally by Title III of the National Housing Act, as amended, Pub. L. 73-479, codified at 12 U.S.C. 1716 et seq.

19. The originating entity of FHA mortgages is also referred to as an Issuer. After originating a number of FHA mortgages, the Issuer creates pools of mortgages or loan packages of mortgages with those mortgages it has originated or acquired. It prepares and submits documents for each pooled loan to a document custodian (which may be the same entity as the Issuer), and documents describing the pool or loan package as a whole to a Pool Processing Agent ("PPA"). The Issuer markets securities guaranteed by Ginnie Mae that are collateralized by these pools or loan packages. It administers the securities, providing the funds required for monthly payments to be made to security holders and reporting to Ginnie Mae. The Issuer is responsible for servicing the pooled mortgages until maturity or termination. (See: Exhibit 1; Ginnie Mae MBS Guide, Chapter 1, Sec. 1-10 (B)).

4

20.     Documents relating to the pooled mortgages must be held by a document custodian, which may be the same entity as the Issuer, on Ginnie Mae's behalf for the life of the pool or loan package. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-1).

21.     The document custodian is required to review and certify for each pool and loan package that the loan and pool or loan package documents placed in its control completely and accurately represent the pool or loan package in accordance with Ginnie Mae requirements. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-3).

22.     One of the documents that must be received and reviewed by the Document Custodian for initial certification of each pooled mortgage is an original note, or other evidence of indebtedness, endorsed in blank and without recourse by the pooling Issuer. (See: Exhibit 2; Ginnie Mae MBS Guide, Chapter 13, Sec. 13-4(A)(4)).

23.     As noted above at ¶ 20, Documents relating to the pooled mortgages must be held by a document custodian on Ginnie Mae's behalf. As noted above at ¶ 22, one of those documents is the original note, endorsed in blank and without recourse by the pooling Issuer, meaning that Ginnie Mae is the note-holder with respect to all FHA insured mortgage loans, regardless of the identity of the originating Issuer or servicing entity. As such Ginnie Mae is the note-holder/Lender of the mortgage given by Plaintiff Evelyn Peralta as noted herein.

24.     Additionally, all FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

5

25. At issue in this action is a Regulation codified in USC 24(B)(II)(B) 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

26. USC 24(B)(II)(B) 203.604(c) further states that a face-to-face meeting is not required if: (1) the mortgagor does not reside in the mortgaged property, (2) the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, (3) the mortgagor has clearly indicated that he will not cooperate in the interview, (4) a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or (5) a reasonable effort to arrange a meeting is unsuccessful.

27. USC 24(B)(II)(B) 203.604(d) additionally states that a reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

## ALLEGATIONS OF THE NAMED PLAINTIFF

28. The Representative Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

6

29.    Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

30.    Representative Dawari Dan-Harry is the owner of real property located at 84 Corinth Street, Providence, RI 02907, which is a subject property referenced herein.

31.    On December 7, 2005, Plaintiff executed a mortgage and note in the amount of Two Hundred Three Thousand and 00/100 Dollars ($203,000.00) to Commonwealth United Mortgage, a Division of National City Bank of Indiana. (the "Dan-Harry Mortgage" and the "Dan-Harry Note"). Said mortgage was secured against the 311 Plainfield Street subject property and recorded in the City of Providence, Clerk's Office, Land Evidence Records in Book 7744 at Page 347 on December 12, 2005.

32.    The Dan-Harry Mortgage was designated as an "FHA" mortgage and noted as such on the mortgage itself on page one (1) with the "FHA case number" 4510882486-703.

33.    Subsequently, after recording of the Dan-Harry Mortgage, National City became the Issuer of a pool of mortgages of which the Dan-Harry Mortgage was a part.

34.    Plaintiff herein alleges that all right title and interest in the note secured by the Dan-Harry Mortgage, was pooled, sold, and otherwise transferred to Ginnie Mae, who is in fact the Lender and holder of the note given by Plaintiff in return for the mortgage loan as noted herein.

35.    On December 31, 2008, PNC acquired National City and became mortgagee of the Dan-Harry Mortgage as successor in interest to National City. As a result of said acquisition, PNC also assumed Document Custodial duties for the Dan-Harry Mortgage and Note.

36.    On or about December 6, 2016, PNC Bank, N.A. retained Harmon Law PC to foreclose the Dan-Harry Mortgage, and caused to be sent to Plaintiff a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of January 23, 2017.

37.     Defendant PNC Bank, N.A. foreclosed and the subject property was sold at mortgagee's foreclosure sale to a third party bidder, on January 23, 2017.

38.     Plaintiff alleges that PNC Bank, N.A. did not have authority or power of attorney from note-holder "Lender" Ginnie Mae, authorizing them to foreclose, sell the subject property at mortgagee's foreclosure sale, or convey the subject property via foreclosure deed as is required by R.I.G.L. § 34-11-34. As such the foreclosure, mortgagee's foreclosure sale are invalid, void, and without force and/or effect.

39.     Further, the foreclosure purportedly conducted by PNC Bank, N.A. is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.

40.     Plaintiff herein alleges that PNC Bank, N.A. did not have a face to face interview with him before three full monthly installments due on the mortgage were unpaid, and that PNC Bank, N.A. made no effort to arrange such a meeting.

41.     Plaintiff further alleges that his subject property is within 200 miles of a branch office of the Defendants[1]; and that he occupied and still occupies the mortgaged property as his primary residence; and he never clearly indicated to the Defendants that he would not cooperate with such an interview; and he did not enter into a repayment plan, where payments thereunder were current, consistent with his circumstances to bring his account current, thus making a meeting unnecessary.

## CLASS ALLEGATIONS

42.     Plaintiffs repeat and re-allege every allegation above as if set forth herein in full.

---

[1] As example the Defendant has multiple branch offices which provide mortgage services located in New York City, NY with one such branch location at 1286 First Avenue, New York, NY 10021 which is 174 miles in driving distance from the Dan-Harry mortgaged property.

43.     Plaintiffs bring this action as a Class Action pursuant to R.I. R. Civ. P. Rule 23.

44.     The Representative Plaintiff sues on behalf of himself and all homeowners or former homeowners since February 2010 whose; mortgages were foreclosed, properties sold at Mortgagee's Foreclosure Sales and conveyed without Defendant possessing specific authority or a power of attorney from note-holder/Lender, Government National Mortgage Association (Ginnie Mae) as is required pursuant to R.I.G.L. § 34-11-34;

45.     The Representative Plaintiff sues on behalf of herself and all homeowners or former homeowners since February 2010 wherein Defendant failed to have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage were unpaid; whose properties were within 200 miles of a branch office of the Defendant; who occupied the mortgaged property as their primary residence; who never clearly indicated to the Defendant that they would not cooperate with such an interview; and who did not enter into a repayment plan, where payments thereunder were current, consistent with the their circumstances to bring the their account current thus making a meeting unnecessary, in breach of the mortgage contract at paragraph 9(d) and in violation of 24 CFR 203.604(b).

46.     The gravity of harm to Plaintiff and members of the class resulting from the Defendant's violations of R.I.G.L. § 34-11-34, breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b) outweighs any conceivable reasons, justifications and/or motives of said Defendants for engaging in such unfair acts and practices.

47.     Defendant's conduct was unfair, oppressive, and contrary to public policy and the generally recognized standards applicable to the consumer lending business.

48.     Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

49.     Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

50.     Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

51.     Plaintiff claims on behalf of himself and all others so similarly situated that the Defendant's violations of R.I.G.L. § 34-11-34, breach of mortgage contracts at 9(d) and violations of 24 CFR 203.604(b), are the direct cause of the harms alleged herein.

52.     Excluded from the class are governmental entities, the Defendant, their affiliates and subsidiaries, the Defendant's current employees and current or former officers, directors, agents, representatives, their family members, the members of this Court and its staff.

53.     Plaintiff does not know the exact size or identities of the members of the class, since such information is in the exclusive control of Defendant.   Plaintiff believes that the class encompasses hundreds of individuals whose identities can be readily ascertained from Defendant's books and records.   Therefore, the class is so numerous that joinder of all members is impracticable. (i.e. Numerosity).

54.     All members of the class have been subject to and affected by the same conduct.

10

55. The questions of law and fact are common to the class, and predominate over any questions affecting only individual members of the class. (i.e. Commonality).

56. The claims of the Named Plaintiff are typical of the claims of the class and do not conflict with the interests of any other members of the class in that the Named Plaintiff and the other members of the class were subject to the same conduct. (i.e. Typicality).

57. The Named Plaintiff will fairly and adequately represent the interests of the class as a whole. The Named Plaintiff is committed to the vigorous prosecution of the class claims and has retained attorneys who are qualified to pursue this litigation and have experience in class actions – in particular, wrongful foreclosure actions. (i.e. Adequacy).

58. A Class Action is superior to other methods for the fast and efficient adjudication of this controversy. A class action regarding the issues in this case does not create any problems of manageability.

59. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

60. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

61. It is not in the best interest of members of the class to individually control the prosecution or defense of separate actions.

62. The specific extent and nature of any litigation concerning the controversy already commenced by or against members of the class is minimal.

63. It is desirable to concentrate the litigation of the claims in this particular forum.

64. There are little to no difficulties likely to be encountered in the management of a classification.

**COUNT I**
**DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**
**VIOLATION OF R.I.G.L. § 34-11-34**

65. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

66. Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

67. The subject matter note at all times relevant to the foreclosure actions as noted herein was held by Ginnie Mae.

68. PNC did foreclose, conduct a mortgagee's foreclosure sales, and conveyed wrongfully foreclosed properties of Plaintiffs, without authority and power of attorney from Ginnie Mae, in violation of R.I.G.L. § 34-11-34 which states in pertinent part;

> **§ 34-11-34 Conveyances executed by attorney – Recording of power.** – Any conveyance executed by attorney shall be as valid as if executed by the grantor himself, providing that a power of attorney be given by such grantor for this purpose; which power and the deed executed by the attorney thereunder shall be signed, acknowledged, delivered and recorded with like formalities prescribed by law concerning deeds from grantors in person.
> (Emphasis Added).

69. At all times since February 2010, when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendant was not the note-holder or "Lender" with respect to Plaintiffs' mortgages.

70. At all times since February 2010, when foreclosing Plaintiffs' mortgages, selling Plaintiffs' properties and conveying said properties via foreclosure deeds, Defendant did not

12

have specific authority or a power of attorney from note-holder "Lender" Ginnie Mae, authorizing them to foreclosure, sell at mortgagee's foreclosure sale, and make conveyance by foreclosure deed of the subject property, as is required pursuant to R.I.G.L. § 34-11-34.

71.     Without authority from Ginnie Mae, Defendant lacked authority to exercise the statutory power of sale in Plaintiffs' mortgages.

72.     Absent Power of Attorney from Ginnie Mae, the conveyances of Plaintiffs' properties via foreclosure deed by Defendant as noted herein are in violation of R.I.G.L. § 34-11-34 and are void, invalid and without force and effect.

73.     As a direct result of Defendant's actions, the Plaintiffs have suffered damages including emotional distress, loss of title to property, improper reporting to credit bureaus, lost opportunities to seek other loss mitigation alternatives to foreclosure, court costs, and attorney's fees in defenses of foreclosure and eviction.

74.     Plaintiffs are entitled to a Declaratory Judgment that the foreclosures, mortgagee's foreclosure sales, and conveyances of their properties via foreclosure deed are void, invalid, and without force and effect.

75.     Plaintiffs are entitled to have their foreclosure deeds rescinded and the titles their properties restored as if no foreclosures had taken place.

76.     As such, the foreclosures and mortgagee's foreclosure sales of Representative Plaintiff's subject property and the properties of the members of the class are therefore void.

77.     Plaintiff claims on behalf of himself and all others so similarly situated that the Defendant lacked of authority and Power of Attorney, from Ginnie Mae, to exercise the statutory power of sale and violation R.I.G.L. 34-11-34, is the direct cause of the harms alleged herein.

lope: 952144
:wer: Lynn Gaulin

78.    Plaintiff and members of the class suffered quantifiable damages such as loss of equity in their homes, money spent on funding bankruptcy, legal defense of foreclosure and eviction, and moving and relocation expenses.

79.    Plaintiff and members of the class have suffered general damages such as loss of property interest, negative impact to credit ratings, loss of their homes, lost opportunities to rectify their situations through loss mitigation and mediation of their mortgage delinquencies, and extreme emotional distress.

80.    Plaintiff and members of the class claim ownership of their rightful property and seek to clear their titles of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4, or in the alternative seek actual, exemplary, punitive, and monetary damages.

81.    The Plaintiff and members of the class are entitled to a declaratory judgment determining that the foreclosure proceedings and/or sales of their property are void, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

82.    Plaintiff and members of the class are entitled to a Court Order requiring that Defendants take all necessary steps to restore legal title to their property as if no foreclosure sale had ever occurred.  In addition, Plaintiffs and members of the class are entitled to be returned to their status and circumstance prior to the wrongful foreclosure sales, or in the alternative are entitled to actual, exemplary, punitive, and monetary damages.

83.    Plaintiff and members of the class are entitled to an injunction requiring that the Defendant be prevented from foreclosure action against Plaintiff and all others so similarly situated, or any eviction action until such time as proper notice is made pursuant to statute.

84.     The Plaintiff and members of the class so similarly situated are entitled to cancellation of costs and fees assessed to their accounts for wrongful foreclosure, together with additional damages.

85.     Defendant's conduct was likely to induce reliance and to create confusion and misunderstanding.

86.     Defendant's conduct as set forth herein is not required, permitted or authorized by any state or federal law.

87.     Defendant's conduct as set forth herein violates established public policy, and the harms caused to consumers greatly outweighs any benefits associated with that conduct.

88.     Plaintiff and members of the class are entitled to actual, monetary, punitive and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

## COUNT II
### BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE

89.     Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

90.     Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above.

91.     As the entity responsible for servicing Plaintiff and class members mortgage loans, the Defendant owed the Plaintiff and class members a duty of good faith and fair dealing.

92.     By breaching the terms of the mortgage contracts of Plaintiff and members of the class as stated in paragraph 9(d) by proceeding and completing foreclosures when those actions were not permitted by regulations of the Secretary of the Department of Housing and Urban Development as codified in 24 CFR 203.604(b), the Defendant violated this duty.

15

93.     The Plaintiff and members of the class were damaged by these breaches of duty including

without limitation, loss of equity, lost opportunities to work-out his mortgage delinquency, and

by imposition of inappropriate foreclosure fees and costs on their accounts.

94.     Plaintiff and members of the class suffered severe and extreme emotional and mental

distress as the direct result of the Defendant's actions.

95.     The Plaintiff and members of the class are entitled to a declaratory judgment determining

that the foreclosures and mortgagee's foreclosure sales of their properties are void.

96.     The Plaintiff and members of the class are entitled to an injunction preventing the transfer

of the right, title, and interest in their properties.

97.     The Plaintiff and members of the class are entitled to cancellation costs and fees assessed

to them for wrongful foreclosure, together with additional damages.

98.     Plaintiff and members of the class are entitled to a Court Order requiring that Defendant

take all necessary steps to restore legal title to their properties as if no foreclosure sale had ever

occurred.  In addition, Plaintiffs are entitled to be returned to their status and circumstances prior

to the wrongful foreclosure sales.

99.     Plaintiff and members of the class are entitled to actual, monetary, punitive and

exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all

other relief as provided by state law.

## COUNT III
## BREACH OF CONTRACT AND BREACH OF COVENANT
## OF GOOD FAITH AND FAIR DEALING

100.    Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

101.    Plaintiff brings this claim on his own behalf and on behalf of each member of the class

described above.

lope: 952144
:wer: Lynn Gaulin

102.  As described above, the mortgage contracts entered into by Plaintiff and members of the class constitute valid offers.

103.  Upon Plaintiff and members of the class executing the mortgage contracts and giving them to their Lenders, those Lender's accepted those offers.

104.  Alternatively, Plaintiff and members of the class' execution of those mortgage contracts thereby giving a security interest in their properties to their Lenders constitutes an offer. Acceptance of that offer occurred when PNC accepted payments made by Plaintiff and members of the class pursuant to the mortgage contract.

105.  The mortgage contracts were supported by consideration. Plaintiff and members of the class' payments to PNC constitutes consideration.

106.  Plaintiff, members of the class and PNC thereby formed valid contracts and Plaintiffs and members of the class were, are, and remain ready willing and able to perform under the contracts.

107.  Defendant breached the mortgage contracts of Plaintiff and members of the class by refusing to honor the terms of the mortgage contracts as stated at paragraph 9(d) which states in pertinent part;

> 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

It is a regulation of the Secretary codified in 24 CFR 203.604(b) that:

(b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid... (See: 24 CFR .604(b)).

Defendant failed to have face to face meetings with Plaintiff and members of the class before three full monthly installments due on the mortgages were unpaid. Further, Defendant failed to make reasonable efforts to arrange such meetings with Plaintiff and members of the class.

108. Plaintiff and members of the class have suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

109. The Defendant is obligated by contract and common law to act in good faith and to deal fairly with the Plaintiffs so as to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance. *See e.g., Ide Farm & Stable, Inc. v. Cardi,* 110 R.I. 735, 739 (1972).

110. Upon good information and belief PNC routinely and regularly acts in bad faith and breaches this duty for its own economic benefit, preventing contractual objectives from being achieved, by:

    a. Failing to perform loan servicing functions consistent with its responsibilities to Plaintiff and members of the class;

b. Failing to properly train and supervise its agents and employees, including without limitation, its loss mitigation and collection personnel, foreclosure personnel;

c. Failing to follow through on written and implied promises;

d. Failing to follow through on contractual obligations; and

e. As a result of these failures to act in good faith and the absence of fair dealing, the Defendant caused Plaintiff harm, as alleged above. The Defendant's bad faith was thus to Plaintiff's detriment.

## COUNT IV
### VIOLATION OF R.I GEN. LAWS § 6-13 – CONSUMER PROTECTION AND UNFAIR AND DECEPTIVE ACTS AND PRACTICES LAWS

111. Plaintiff repeats and re-alleges every allegation above as if set forth herein in full.

112. Plaintiff brings this claim on his own behalf and on behalf of each member of the class described above

113. Defendant's conduct as set forth herein constitutes trade - the offering, advertising and sale of goods and services.

114. Defendant's conduct as set forth herein occurred in the course of trade or commerce.

115. Defendant's conduct as set forth herein affects the public interest and is part of a generalized course of conduct affecting numerous consumers, including Plaintiff.

116. Plaintiff and members of the class are consumers.

117. Plaintiff and members of the class sought to obtain Defendant's goods and services primarily for personal, family or household use.

118. Defendant made false, deceptive and misleading representations and omissions about material aspects of the goods and services described herein.

19

119. Defendant made these representations and omissions knowingly and willfully and with the intent that Plaintiff and members of the class would rely on them and would enter into contract or obligations as a result.

120. Defendant's conduct was likely to induce reliance and to create confusion and misunderstanding.

121. Plaintiff and members of the class did rely on Defendant's representations and omissions.

122. Defendant's conduct as set forth herein is deceptive, unfair and unconscionable, in violation of R.I. Gen. Laws § 6-13.1-2.

123. Defendant's conduct as set forth herein is not required, permitted or authorized by any state or federal law.

124. Defendant's conduct as set forth herein violates established public policy, and the harms caused to Plaintiff and members of the class as consumers greatly outweighs any benefits associated with that conduct.

125. As a result of Defendant's conduct, Plaintiff and members of the class suffered ascertainable damages and ascertainable losses including:

  a. wrongful foreclosure;

  b. otherwise avoidable potential loss of home to foreclosure;

  c. increased fees and other costs to avoid or attempt to avoid foreclosure;

  d. loss of savings in fruitless attempts to secure loan modification;

  e. loss of opportunities to pursue other refinancing or loss mitigation strategies;

    f.    significant stress and emotional distress;

    g.    accrued interest and increased principal balances; and

    h.    less favorable potential modification terms.

126.    Plaintiff and members of the class are entitled to actual, statutory and exemplary damages, restitution, an accounting, attorneys' fees and costs, equitable relief and all other relief as provided by state law.

Dated: March 2nd, 2017

Respectfully Submitted,
Plaintiff, on Behalf of Himself
And All Others So Similarly Situated,
Through his Attorney,

/s/ Todd S. Dion
Todd S. Dion Esq. (#6852)
371 Broadway
Providence, RI 02909
401-353-1230 Phone
401-965-4131 Cell
401-353-1231 Fax
toddsdion@msn.com