IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAWARI DAN-HARRY on behalf of himself and all others so similarly situated, | ) ) ) CA NO. 1:17-CV-136 |
| *Plaintiff,* | ) ) ) |
| vs. | ) ) |
| PNC BANK. N.A., | ) ) |
| *Defendant.* | ) ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Plaintiff, Dawari Dan-Harry, having received from Defendants PNC Bank, N.A. a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure submits this opposition to said motion and memorandum thereof.

**INTRODUCTION**

Plaintiffs filed this lawsuit seeking a declaratory judgment that the Defendant was not authorized to accelerate or foreclose Plaintiffs mortgages as those actions were in breach of paragraph 9(d) of those mortgages and were not permitted by regulations of Secretary of the Department of Housing and Urban Development, codified under 24 CFR 203.604(b). Therefore, this complaint seeks damages arising from the wrongful actions of the Defendant by conducting non-judicial foreclosures, Mortgagee's Foreclosure Sales, and conveying real property in breach of contract, and violation of 24 CFR 203.604(b). Based on further research Plaintiffs' counsel conducted after the filing of this lawsuit

Plaintiff hereby voluntarily dismisses Counts I and IV of the Complaint and only wishes to proceed with Counts II and III of the Complaint as those counts specifically relate to the alleged breach of Paragraph 9(d) of the Mortgage documents and 24 CFR 203.604.

## FACTUAL ALLEGATIONS

All FHA standard mortgage contracts at paragraph 9(d) state that regulations issued by the Secretary of Housing and Urban Development will limit a Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose, if not paid. Paragraph 9(d) further states that the security instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary. At issue in this action is a Regulation codified in 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. 24 CFR 203.604(c) further states that a face-to-face meeting is not required if: **(1)** the mortgagor does not reside in the mortgaged property, **(2)** the mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, **(3)** the mortgagor has clearly indicated that he will not cooperate in the interview, **(4)** a repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or **(5)** a reasonable effort to arrange a meeting is unsuccessful. 24 CFR 203.604(d) **additionally states that** a reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at

the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

Representative Plaintiff Dawari Dan-Harry is the owner of real property located at 84 Corinth Street, Providence, RI 02907, which is a subject property referenced herein. On December 7, 2005, Plaintiff executed a mortgage and note in the amount of Two Hundred Three Thousand and 00/100 Dollars ($203,000.00) to Commonwealth United Mortgage, a Division of National City Bank of Indiana. (the "Dan-Harry Mortgage" and the "Dan-Harry Note"). Said mortgage was secured against the 311 Plainfield Street subject property and recorded in the City of Providence, Clerk's Office, Land Evidence Records in Book 7744 at Page 347 on December 12, 2005. The Dan-Harry Mortgage was designated as an "FHA" mortgage and noted as such on the mortgage itself on page one (1) with the "FHA case number" 4510882486-703.

Subsequently, after recording of the Dan-Harry Mortgage, National City became the Issuer of a pool of mortgages of which the Dan-Harry Mortgage was a part. Plaintiff herein alleges that all right title and interest in the note secured by the Dan-Harry Mortgage, was pooled, sold, and otherwise transferred to Ginnie Mae, who is in fact the Lender and holder of the note given by Plaintiff in return for the mortgage loan as noted herein. On December 31, 2008, PNC acquired National City and became mortgagee of the Dan-Harry Mortgage as successor in interest to National City. As a result of said acquisition, PNC also assumed Document Custodial duties for the Dan-Harry Mortgage and Note.

On or about December 6, 2016, PNC Bank, N.A. retained Harmon Law PC to foreclose the Dan-Harry Mortgage, and caused to be sent to Plaintiff a Notice of Mortgagee's Foreclosure Sale, stating a scheduled mortgagee's sale date of January 23, 2017. Defendant PNC Bank, N.A. foreclosed and the subject property was sold at mortgagee's foreclosure sale to a third party bidder, on January 23, 2017. The foreclosure purportedly conducted by PNC Bank, N.A. is in breach of the mortgage contract at paragraph 9(d) and violation of 24 CFR 203.604(b) which states that a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. Plaintiff herein alleges that PNC Bank, N.A. did not have a face to face interview with him before three full monthly installments due on the mortgage were unpaid, and that PNC Bank, N.A. made no effort to arrange such a meeting. Plaintiff further alleges that his subject property is within 200 miles of a branch office of the Defendants[1]; and that he occupied and still occupies the mortgaged property as his primary residence; and he never clearly indicated to the Defendants that he would not cooperate with such an interview; and he did not enter into a repayment plan, where payments thereunder were current, consistent with his circumstances to bring his account current, thus making a meeting unnecessary pursuant to said regulation.

Plaintiff, members of the class and PNC formed valid contracts and Plaintiffs and members of the class were, are, and remain ready willing and able to perform under the contracts. Defendant breached the mortgage contracts of Plaintiff and members of the

---

[1] As example the Defendant has multiple branch offices which provide mortgage services located in New York City, NY with one such branch location at 1286 First Avenue, New York, NY 10021 which is 174 miles in driving distance from the Dan-Harry mortgaged property.

class by refusing to honor the terms of the mortgage contracts as stated at paragraph 9(d) which states in pertinent part;

> 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

It is a regulation of the Secretary codified in 24 CFR 203.604(b) that:

> (b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid... (See: 24 CFR .604(b)).

Defendant failed to have face to face meetings with Plaintiff and members of the class before three full monthly installments due on the mortgages were unpaid. Further, Defendant failed to make reasonable efforts to arrange such meetings with Plaintiff and members of the class. Plaintiff and members of the class have suffered harm and are threatened with additional harm from Defendant's breach, including but not limited to loss of property interest, higher principle balance, improper negative reporting to credit bureaus; inappropriate fees and charges assessed to them, including broker price opinion fees, inspection fees, attorney's fees, "process management" fees, late fees and other charges associated with delinquency and default, and increased accrued interest.

## STANDARD OF REVIEW

The Federal Courts, when reviewing a Rule 12 Motion, have consistently held that it must take all allegations pled in the Plaintiffs' Complaint as true. The Plaintiffs have set forth a multitude of facts that if taken as true, satisfy the dictates of Federal Rule 12. In light of the United States Supreme Court's holding in Ashcroft v. Iqbal, 129 S.Ct

1937, 1951 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); this complaint, when viewed by the Court, with all factual assertions being taken as true, "plausibly suggest an entitlement to relief." Id. at 1950. Further a dismissal of a complaint is disfavored and should only be granted in extraordinary cases. "A court ruling on a motion to dismiss construes the complaint in the light most favorable to the Plaintiff, taking all well-pleaded allegations as true and giving Plaintiff the benefit of all reasonable inferences. See Figueroa v. Rivera, 147 F.3d 77, 80 (1st Cir. 1998).

## ARGUMENT

Defendant PNC Bank was not entitled to foreclose because it did not comply with paragraph 9(d) of the Mortgage. It has become standard foreclosure law throughout Rhode Island and the First Circuit that in order to properly exercise the power of sale, a mortgagee such as PNC Bank in this case must strictly follow the terms of the Mortgage contract. In paragraph 9(d) of the Mortgage, PNC Bank agreed to not accelerate or foreclose if not permitted by regulations of the Secretary. The Mortgage thus does not permit PNC Bank to pursue acceleration or foreclosure until it has complied with the notice requirements of 24 CFR 203.604(b), which define a reasonable effort to arrange a face to face meeting with the Mortgagor as sending a certified notice of such meeting and at least one trip to the property to attempt to arrange such meeting.

The failure to comply with paragraph 9(d) of an FHA insured mortgage appears to be an issue of first impression in the State of Rhode Island. However, Rhode Island courts have required strict compliance with the terms of the mortgage when exercising the power of sale. "The power to sell under a mortagge or deed of trust is a matter of contract between the mortgagor and mortgagee under the conditions expressed in the

instrument, and does not exist independently of it." Bucci v. Lehman Bros. Bank, 68 A.3d 1069, 1084-1085 (R.I. 2013) quoting 55 Am. Jur. 2d Mortgages § 472 at 202 (2009). A notice of foreclosure sale "must comply with both the stutory requirements, as well as requirements set forth in the mortgage instrument . . . . [A] foreclosing mortgagee's failure to comply with certain notice requirements contained in the Mortgage and in the pertinent state statute will invalidate a foreclosure sale." USA Residential Properties, LLC v. Dilibero, C.A. No. KD 2013-0174, at *6 n.2 (April 3, 2013; Rubine, J.), citing 55 Am. Jur. 2d Mortgages § 508, 511 & n.3 (2009).

The Rhode Island Supreme Court has interpreted mortgage related terms in a similar fashion as the Supreme Judicial Court of Massachusetts, and often looks to Massachusetts law when necessary to resolve mortgage foreclosure issues. See, e.g., Cruz v. Mortg. Elec. Registration Sys., 108 A.3d 992 (R.I. 2015) (relying on cases from United States Court of Appeals for the first Circuit that originated in Massachusetts and applied Massachusetts law); Bucci v. Lehman Bros. Bank, 68 A.3d 1069, 1086-87 (R.I. 2013) (reviewing foreclosure-related Massachusetts statutes and cases). Thus, the decisions of the Supreme Judicial Court of Massachusetts and Massachusetts Appeal Court should be given great weight when interpreting the requirements of paragraph 9(d) of the Mortgage in this case.

Contrary to the Defendant's contention that borrowers may not state a cause of action seeking private damages remedy after a completed foreclosure, the leading case on this issue in Massachusetts states otherwise. (Defendant's Memorandum at p. 2). In Wells Fargo v. Cook, 87 Mass. App. Ct. 382, 385-387 (2015) the Massachusetts Court of Appeals vacated the summary judgment of the lower court in light of the homeowner's

allegations that Wells Fargo failed to comply with paragraph 9(d) of the subject FHA insured mortgage and held that *even in a post-foreclosure eviction action*, legal title must be established "by proof that the title was acquired strictly according to the power of sale provided in the mortgage". (citing Bank of New York v. Bailey, 460 Mass. 327, 333 (2011), quoting from Wayne Inv. Corp. v. Abbott, 350 Mass. 775, 775 (1966). "Failure to comply strictly with the power of sale renders the foreclosure sale void." U.S. Bank Natl. Assn. v. Schumacher, 467 Mass. 421, 428 (2014). The paragraph 9(d) of the mortgage in Cook was identical to the paragraph 9(d) of the Mortgage in this case. The Cook Court held that a fifteen-minute counseling session at Gillette Stadium failed to meet the requirements of a face-to-face interview because the interview failed to satisfy the reoccurring HUD theme of personalized consideration of each homeowner.

The Cook Court reasoned that paragraph 9(d) is a "condition precedent" to the power of sale contained in the mortgage that "expressly preconditioned acceleration and foreclosure on compliance with HUD regulations." Id. The Cook Court further explained that 24 CFR 203.603 was "incorporated into the mortgage" and that "compliance with the regulations has been held to be a condition precedent to foreclosure of FHA-insured mortgages". Id. at 386 citing Pfeifer v. Countrywide Home Loans, Inc. 211 Cal. App. 4th 1250, 1255 (2012); Lacy-McKinney v. Taylor, Bean & Whitaker Mort. Corp., 937 N.E.2d 853, 864 (Ind. Ct. App. 2010); Wells Fargo Home Mort., Inc. v. neal, 398 Md. 705, 721-728 (2007); Mathews v. PHH Mort. Corp., 283 Va. 723, 736-737 (2012).

In another more recent post-foreclosure claim of a breach of paragraph 9(d) of a borrower's FHA insured mortgage, the Massachusetts Appeals Court in Jose v. Wells

8

Fargo, 89 Mass App. Ct. 772(2016), reiterated its decisions in Cook as well as the Massachusetts Supreme Judicial Court's decision in Pinti v. Emigrant Mort. Co., 472 Mass. 226 (2015). While Pinti held that terms of a mortgage relating to a mortgagee's exercise of the power of sale "must be strictly complied with" (See 472 Mass. At 240), Cook "in turn held that the terms of the mortgage include terms of regulations incorporated by reference into the mortgage (specifically including the HUD regulatory requirement for a face-to-face meeting). 87 Mass. App. Ct. at 386". The Cook Court rejected Wells Fargo's argument that it was exempt from the face-to-face meeting requirement because it maintained no servicing offices within 200 miles of the subject property by concluding that "a reading of the plain language of the regulation" revealed "that it is not ambiguous" and citing several other jurisdictions that have rejected Well Fargo's contentions (See e.g., Lacy-McKinney v. Taylor, Bean & Whitaker Mort. Corp., 937 N.E.2d 853, 866 (Ind. Ct. App. 2010); Wells Fargo v. Phillabaum, 192 Ohio App. 3d 712, 716 (2011); Mathews v. PHH Mort. Corp., 283 Va. 723, 738-739 (2012). The Cook Court explained "as the exemption states, it applies where the property is not within 200 miles of the mortgagee, its servicer, or a branch office of either' (emphasis added. 24 C.F.R. 203.604(c). By recognizing the mortgagee and its servicer as separate and distinct, and then referring to branch offices of either in the disjunctive, the regulation makes plain that a branch office, for purposes of determining whether the exemption applies, includes a branch office of the mortgage, and not simply that of its servicer. It also contains no language of limitation regarding the type of branch office of the mortgage."

The leading case supporting Defendant's position with regard to its' Motion to Dismiss is a case out of Maryland called Wells Fargo v. Neal, 922 A.2d 538(2007). Defendant attempts to use the Neal Case to support its' argument that a breach of paragraph 9(d) does not invalidate a foreclosure after a foreclosure has taken place. The Neal case, however, while attempting to strenuously set forth that the allegation of a breach of paragraph 9(d) can only be brought as an affirmative defense in accordance with Maryland laws while downplaying the importance of the language of paragraph 9(d) by characterizing it as an "allusion" to HUD regulations, can not get around the fact that the clear mandatory language deriving from paragraph 9(d) of the mortgage contract "prevents acceleration and foreclosure" when not permitted by HUD regulations and undoubtedly 24 CFR 203.604 is one such mandatory regulation incorporated into the mortgage contract.

The Neal Court primarily focused on the HUD regulations as they relate to Maryland laws and how allegations of a failure to comply with paragraph 9(d) of an FHA insured mortgage fits into Maryland rules of procedure as they relate to affirmative defenses and injunctive relief. The Neal Court incorrectly characterized a lender's failure to comply with paragraph 9(d) as an issue between the lender and the government and gave unreasonable weight to the fact that FHA insured mortgages are not voluntarily drafted by the lenders while not specifically mentioning 24 CFR 203.604 in the mortgage contract. Contrary to the contentions of the Court in Neal the Plaintiff in the case avers that a lender of an FHA insured mortgage must know exactly that 24 CFR 203.604 is a regulation that paragraph 9(d) refers as the regulation relates specifically to payment defaults. The Plaintiff sets forth that lenders of FHA insured mortgages voluntarily chose

to offer such mortgage products in order to gain more profit and business from a wider range of risky borrowers while limiting their liability from the government sponsored insurance provided with FHA insured mortgages. Thus, since the lenders of FHA-insured mortgages voluntarily obtain the benefit of the borrower's business, lenders of FHA-insured mortgages must know that the bargain they obtained from the mortgage with the borrower does not allow them to accelerate or foreclose if they fail to comply with HUD regulations. Respectfully, this is not about the Plaintiff obtaining a private remedy of a HUD regulation "through the back door", but a remedy that derives from the mortgage contract itself and the Defendant's breach of that mortgage contract. <u>Bucci v. Lehman Bros. Bank, FSB</u>, 68 A.2d 1069, 1084, 1085 (R.I. 2013) <u>Pinti v. Emigrant Mortgage Company, Inc.</u>, 472 Mass 226, 232 (Mass. 2015).

The Courts of Massachusetts support the above position and since Rhode Island adheres to the same strict standards of the language of the mortgage contract, Rhode island courts must also follow suit and hold that a violation of 24 CFR 203.604 is a breach of the mortgage contract itself that specifically prohibits foreclosure regardless of whether or not the allegations are brought before or after the foreclosure. In <u>Pinti</u> the Massachusetts Supreme Judicial Court invalidated a foreclosure that occurred years earlier even as against a third party purchaser for failure to strictly adhere to a default notice requirement contained in the mortgage. Likewise this very Court has followed the logic and reasoning of <u>Pinti</u> by invalidating a foreclosure for the identical reason in the case of <u>Delinda Martins v. Federal Housing Finance Agency, et al.</u> (1:15-cv-00235-M-LDA October 11, 2016)

## CONCLUSION

The Plaintiff's complaint sets forth the following: In Rhode Island the Power of Sale derives from the mortgage contract. Bucci v. Lehman Bros. Bank, 68 A.3d 1069, 1084-1085 (R.I. 2013). Furthermore, the terms of a mortgage contract must be strictly adhered to in order to invoke the Statutory Power of Sale. In this case the mortgage contract states "this security instrument dies not authorize acceleration or foreclosure if not permitted by the regulations of the HUD Secretary". The mandatory language of 24 CFR 203.604 does not authorize acceleration or foreclosure if the regulation requiring a face to face interview is not complied with. The Defendant failed to comply with 24 CFR 203.604 therefore the Defendant breached the mortgage contract. The plaintiff is ready willing and able to perform under the mortgage contract. The Plaintiff suffered loss, namely loss of his property, due to the Defendant's breach of paragraph 9(d) of the mortgage contract. The appropriate elements of the Plaintiff's breach of contract claim have been established when viewing the complaint in the light most favorable to the Plaintiffs. Therefore, the Defendants' motion to dismiss must be denied.

Respectfully submitted,
Plaintiff,
By his attorney,
/s/ Todd S. Dion, Esq.
Todd S. Dion, Esq. BBO 659109
371 Broadway
Providence, RI 02909
401-965-4131 Phone
401-353-1231 Fax
toddsdion@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 12, 2017.

/s/ Todd S. Dion