# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

DAWARI DAN-HARRY, on behalf of himself  
and all others similarly situated,

       Plaintiff,

  vs.

PNC BANK, NATIONAL ASSOCIATION,

       Defendant.

Civil Action No. 1:17-cv-136-S-PAS

## REPLY MEMORANDUM OF PNC BANK, NATIONAL ASSOCIATION
## IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, PNC Bank, National Association, ("PNC"), through its attorneys, has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This reply memorandum is submitted in support of that motion.

Plaintiff fails to rebut the grounds for dismissal advanced by PNC in its Motion (Dkt. No. 4, "Opening Brief") for the following reasons:

*First,* Plaintiff has now conceded that, based on "further research," he fails to state a claim under Counts I and IV. These Counts should therefore be dismissed. (Dkt. No. 6, "Opposition" at 1-2).

*Second,* Plaintiff fails to rebut that his only remaining claims, for breach of contract and breach of the covenant of good faith and fair dealing (Counts II and III)[1], fail because (i) the HUD regulations forming the basis for the breach have never been incorporated into a Rhode Island mortgage, and (ii) even if they were so incorporated, courts allow such regulations only to form

---

[1] PNC argued in its motion that Counts II and III both state the very same breach of contract claim. (PNC Memo at 7, fn 3). Plaintiff does not contest this in his reply.

1

the basis for a defense to foreclosure or eviction and not to support affirmative breach of contract claims like this one. As a result, Plaintiff fails to rebut that his remaining claims should be dismissed.

I.  **Plaintiff Fails to Establish That His Mortgage Incorporates HUD Regulations.**

In its Opening Brief, PNC established that § 203.604(b) should not be incorporated into the parties' mortgage contract by virtue of Paragraph 9(d). (Opening Brief at 7-8). Such an incorporation would be inconsistent with law establishing that the HUD regulations do not create a private right of action in favor of borrowers because they are matters between HUD and the mortgagee. *See, e.g., Mitchell v. Chase Home Fin. LLC*, No. CIV A 306-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex. Mar. 4, 2008) ("[R]egulations promulgated under the National Housing Act govern relations between the mortgagee and the government, and give the mortgagor no claim for duty owed or for the mortgagee's failure to follow said regulations.") Such incorporation would constitute an impermissible end-run around that principle. While PNC concedes, as it must, that some other courts have nonetheless found such incorporation, Plaintiff cites no Rhode Island or First Circuit precedent supporting such a finding, and PNC has not uncovered one.

Plaintiff completely ignores this issue in his response and thus the remaining Counts II-III should be dismissed for this reason alone. *See Figueroa v. Astrue*, No. CA 09-496A, 2010 WL 2621473, at *10 (D.R.I. June 25, 2010) ("Plaintiff did not address this portion of S.S.R. 96–6p in his brief and did not respond to the Commissioner's argument in a reply brief. Thus, the argument is unrefuted.")

II. **Plaintiff Fails to Rebut that HUD Regulations May Only be Used Defensively and Not as an Independent Basis for a Cause of Action.**

In its Opening Brief, PNC established that, even if this Court were to hold that Paragraph 9(d) incorporated the HUD face-to-face meeting requirement in the mortgage contract, as a matter

2

of first impression under Rhode Island law, it should still dismiss the remaining claims because claims alleging violation of HUD regulations cannot form the basis of a breach of contract action for damages, as the majority of courts to consider the question have so held. (PNC Memo at 8-9). In response, Plaintiff cannot point to any Rhode Island law holding otherwise. Plaintiff instead attempts to point to two Massachusetts cases sustaining claims based on HUD regulations but in both cases the claims were brought to stop foreclosures or evictions. Plaintiff nowhere establishes that affirmative lawsuits for damages based on alleged violation of HUD regulations are viable and thus his remaining claims fail.

### A. No Rhode Island Law is On Point.

Initially, Plaintiff acknowledges that no Rhode Island court has ruled on issues relating to compliance with HUD regulations or Paragraph 9(d) in the context of mortgage foreclosures. (Response at 6) ("The failure to comply with paragraph 9(d) of an FHA insured mortgage appears to be an issue of first impression in the State of Rhode Island.") Plaintiff instead argues that Rhode Island would adopt the minority position (permitting the offensive use of the HUD requirement) because Rhode Island requires "strict compliance" with the terms of the mortgage. (*Id.* at 6-9).

To support this point, Plaintiff relies on *USA Residential Properties LLC v. Dilibero*, 2013 WL 1490362, No. KD 2013-0174, April 3, 2013, (R.I. Super. Rubine, J) (Response at 7), but *Dilibero* did not even involve HUD regulations. In *Dilibero*, the borrower argued that a failure to comply with *statutory notice requirements* should prevent eviction. Of course the court in *Dilibero* acknowledged, as quoted by Plaintiff, that both statutory and contractual mortgage provisions governing *notice* had to be complied with to support a valid foreclosure. Notice requirements are the most basic requirement of any non-judicial foreclosure process. But the *Dilibero* court simply did not address the effect of any other pre-foreclosure requirements such as HUD regulation § 203.604(b). And there is no suggestion in *Dilibero* that the court would have concluded that *all*

3

pre-foreclosure requirements (regardless of nature or materiality) had to be complied with to support a valid foreclosure.[2]

Finally, the fact that Rhode Island courts may require strict compliance with contractual obligations to successfully complete a challenged foreclosure and eviction has nothing to do with the question of whether they would permit non-compliance to support a post-foreclosure suit for breach of contract damages. As discussed below, other states facing this question likewise require strict compliance but do not permit affirmative breach of contract actions like this one based on HUD regulations.

> **B.      Plaintiff's Citations to Massachusetts Law are Merely Applications of the Majority Rule Holding That Claims Alleging Violation of HUD Regulations may be Used Defensively.**

Unable to support his breach of contract claim under Rhode Island law, Plaintiff turns to Massachusetts law for support, but those cases merely permitted defensive use of HUD regulations to prevent foreclosure or evictions and do not support the affirmative claim for breach of contract damages asserted here. (Response at 7).[3]

---

[2] Moreover, despite the discussion of the requirements of notice under Rhode Island law, the court in fact found that notice was proper in the case, and based its decision to terminate the eviction action not on any invalidity of the foreclosure sale but rather on the fact that the eviction action was filed prior to the time that the plaintiff had acquired title to the property, and thus had no standing to evict at the time. In sum, *Dilibero* does not support Plaintiff's action for damages here.

[3] As a side matter, Plaintiff's assertion that Rhode Island courts look to Massachusetts law in determining foreclosure statutes is, at best, an overstatement. (Response at 7). The two cases he cites to support the proposition fall far short of doing so. In *Cruz v. Mortgage Electronic Registration Systems, Inc.*, 108 A. 3d 992 (R.I. 2015), the Rhode Island Supreme Court cited to the First Circuit opinion in *Wilson v. HSBC Mortgage Services, Inc.*, 744 F.3d 1 (1st Cir. 2014) to support its analysis of the issue of standing with respect to voidable vs. void assignments of mortgages. While *Wilson* did involve Massachusetts law, the *Cruz* court did not rely on *Masschusetts'* foreclosure law or the distinction between void and voidable assignments under Massachusetts' law in reaching its decision, it relied on *Wilson* for its standing analysis. In fact, it validated the applicability of the *Wilson* standing analysis because Rhode Island law on void and voidable contracts was consistent with the *Wilson* reasoning. *Id.* at 997. The *Cruz* court never even

Neither Massachusetts case cited by Plaintiff is on point to the issues raised here. In *Wells Fargo Bank, N.A. v. Cook*, 87 Mass.App.Ct. 382, 31 N.E.3d 1125 (2015), the plaintiff had conducted a foreclosure sale at which it was the successful bidder and was suing to evict the borrower from the property. The borrower *defended* against the eviction action by arguing that the foreclosure sale had been invalid because the plaintiff had not complied with § 203.604(b). The borrower did *not* seek any damages for breach of contract and, of course, the court did not therefore have occasion to rule on that issue.

In *Jose v. Wells Fargo Bank, N.A.*, 89 Mass. App. Ct. 772, 54 N.E.2d 1130 (2016), the action was filed *on the same day as the foreclosure sale* and is thus *not* a post-foreclosure case like this one. While the Court recognized a breach of contract action as viable, it did so in the absence of challenge from the defendant in light of the Massachusetts Supreme Court's ruling in *Pinti v. Emigrant Mort. Co.*, 472 Mass. 226, 33 N.E.3d 1213 (2015). *Pinti* held that a minor deviation from statutorily required notice language was enough to void the foreclosure. Rhode Island courts have traditionally applied a "substantial compliance" test except as to notice issues not implicated in Plaintiff's claims here. *Kavanaugh v. Day*, 10 R.I. 393, 397 (1873) (looking to whether foreclosure was in substantial compliance); *Indus. Trust Co. v. Le Baron*, 61 R.I. 69, 200 A. 525, 528 (1938) (rejecting foreclosure and attachment challenge because "substantial compliance is sufficient").[4]

---

referred to "Massachusetts law" in the opinion, let alone suggest that it had some special authority with respect to mortgage foreclosure issues. In *Bucci v. Lehman Brothers Bank, FSB*, 68 A. 3d 1069 (R.I. 2013), the court referenced a then recent Massachusetts case because it bore "striking similarities" to the *Bucci* facts. The *Bucci* court nowhere stated, however, that there was any special relevance to Massachusetts "foreclosure-related law." Therefore, while there is no reason that this Court cannot examine Massachusetts cases for persuasive authority on the relevant issues, there is no special status for such cases simply because this is a foreclosure-related action as claimed by Plaintiff.

[4] Courts treat cases alleging lack of notice differently from cases alleging some defect in the process that does not go to notice with good reason. If courts were to permit claims like Plaintiff's here to go forward at any time, there would be far less need to require strict compliance

5

But even assuming Rhode Island courts would today apply a "strict compliance" test consistent with Massachusetts' *Pinti* decision, Plaintiff's claim still fails because the same states holding that HUD regulations cannot be the basis of an affirmative breach of contract claim likewise have "strict compliance" foreclosure requirements. For example, in *Christenson v. Citimortgage, Inc.*, No. 12-cv-02600, 2013 WL 5291947, at *7 (D. Colo. Sept. 18, 2013) (cited in Opening Brief at p.8), the Court held: "Plaintiffs may use the failure of such condition [compliance with HUD regulations] as an affirmative defense but may not use it as the basis for an affirmative breach of contract claim." But Colorado also has a "strict compliance" requirement. *Dews v. Dist. Court In & For City & Cty. of Denver*, 648 P.2d 662, 664 (Colo. 1982) (*en banc*) (notice provisions of foreclosure statute "must be strictly complied with by one seeking foreclosure under a power of sale through the public trustee.").[5]

*Christensen*, which PNC cited in its Opening Brief, cited numerous cases embracing the "majority" rule that HUD regulations may be used only defensively and not as the basis for offensive post-foreclosure breach of contract claims including Arizona, California, North Dakota, and Texas.[6] All of these states likewise have similar "strict compliance" requirements to

---

with notice provisions. In non-judicial states like Rhode Island, proper notice of the foreclosure is essential to allowing the borrower to bring any challenge to the foreclosure while it is still ongoing. Here, Plaintiff does not allege there was any deficiency in the notice provided but he nonetheless failed to raise his current claim while the foreclosure or eviction was still in process as the borrowers did in *Jose* and *Cook*.

[5] The only limitation Colorado courts have placed on the *Dews* doctrine is that strict compliance with notice requirements may not be required where actual notice is proven. Amos v. Aspen Alps 123, LLC, 2012 CO 46, ¶ 16, 280 P.3d 1256, 1259.

[6] **California**: *Urenia v. Pub. Storage*, No. CV 13-01934 DDP AJWX, 2013 WL 4536562, at *2 (C.D. Cal. Aug. 27, 2013) (quoting *Pfeifer v. Countrywide Home Loans, Inc.*, 211 Cal.App.4th 1250, 1269, 150 Cal.Rptr.3d 673 (2012), *review denied* (Feb. 20, 2013) ("While HUD regulations may prevent a foreclosure before it occurs, after a foreclosure happens a plaintiff may not use those regulations to 'bring a private right of action against the lenders.'")

6

Massachusetts. *CSA 13-101 LOOP, LLC v. LOOP 101 LLC*, 233 Ariz. 355, 360, 312 P.3d 1121, 1126 (Ariz. Ct. App. 2013) ("The [statutory foreclosure] scheme works through a transparent process that requires strict compliance."); *Coppola v. Superior Court*, 211 Cal.App.3d 848, 868, 259 Cal.Rptr. 811, 821(1989) ("A nonjudicial foreclosure sale under the power-of-sale in a deed of trust or mortgage, on the other hand, must be conducted in strict compliance with its provisions and applicable statutory law."); *State Bank of Kenmare v. Lindberg*, 436 N.W.2d 12, 15 (Sup. Ct. N.D. 1989) ("We are also guided by the principle that the Legislature intended that there be strict compliance with the statutory provisions concerning foreclosure of a mortgage, including the provisions for notice before foreclosure."); and *Harwath v. Hudson*, 654 S.W.2d 851, 854 (Tex. Ct. App. 1983) ("[T]he right of a grantor of a deed of trust to have its provisions strictly complied with to effect a valid foreclosure sale is absolute."). Notwithstanding these "strict compliance" requirements, courts in these states still dismissed claims based on HUD regulations except when used defensively, unlike here.

## III. Conclusion

Having voluntarily dismissed Counts I and IV after "further research," Plaintiff stands on his breach of contract claim as stated in Counts II and III. As shown above, to sustain these claims

---

**Arizona**: *McHatten v. Chase Home Fin. LLC*, No. CV03-1094-PCT, 2010 WL 3882587, at *6 (D. Ariz. Sept. 29, 2010) (granting summary judgment to lender because "HUD regulations promulgated under the National Housing Act do not provide a claim to the mortgagor for duty owed or for the mortgagee's failure to follow the regulations")

**North Dakota**: *Fed. Land Bank of St. Paul v. Overboe*, 404 N.W.2d 445, 448 (N.D. 1987) (violation of HUD regulations may be used as defense to foreclosure but not for money damages or injunctive relief after foreclosure proceedings have ended).

**Texas**: *Mitchell v. Chase Home Fin. LLC*, No. CIV A 306-CV-2099-K, 2008 WL 623395, at *3 (N.D. Tex. Mar. 4, 2008) ("[R]egulations promulgated under the National Housing Act govern relations between the mortgagee and the government, and give the mortgagor no claim for duty owed or for the mortgagee's failure to follow said regulations.")

7

the Court would be required to conclude, without the support of any Rhode Island law, that (a) HUD regulation § 203.604(b) is incorporated by reference in Paragraph 9(d) of the mortgage at issue, and (b) Plaintiff may pursue a post-foreclosure action for breach of contract damages based on a failure to comply with the incorporated by reference regulation in contravention of a plethora of courts which have held otherwise. PNC respectfully requests that Counts II and III be dismissed as a result and judgment entered in favor of defendant PNC.

Dated:  June 19, 2017            DEFENDANT PNC BANK, N.A.

                                 By its Attorney,


                                 */s/Harris K. Weiner*
                                 Harris K. Weiner (#3779)
                                 SALTER, MCGOWAN, SYLVIA & LEONARD, INC.
                                 321 South Main Street, Suite 301
                                 Providence, RI 02903
                                 Tel.: 401.274.0300
                                 Fax: 401.453.0073
                                 hweiner@smsllaw.com

Of Counsel:

Richard E. Gottlieb
Brett Natarelli
Arthur F. Radke
Manatt, Phelps & Phillips, LLP
115 South LaSalle Street
Suite 2600
Chicago, IL 60603

## **CERTIFICATE OF SERVICE**

I, Harris K. Weiner, hereby certify that on June 19, 2017 a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to all counsel of record.

/s/ Harris K. Weiner

Todd S. Dion, Esq. (#6852)
371 Broadway
Providence, RI 02909
401-353-1230 Phone
401-965-4131 Cell
401-353-1231 Fax
toddsdion@msn.com