IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAWARI DAN-HARRY, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) Civil Action No. 1:17-cv-136-WES-PAS |
| vs. | ) ) |
| PNC BANK, NATIONAL ASSOCIATION, | ) ) |
| Defendant. | ) |

**MEMORANDUM OF PNC BANK, NATIONAL ASSOCIATION
IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT
SUPPLEMENTAL AUTHORITY**

Defendant, PNC Bank, National Association, ("PNC"), through its attorneys, has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On September 9, 2017, Plaintiff filed **Plaintiff's Motion for Leave to Submit Supplemental Authority in Further Reply to Defendant's Motion to Dismiss** ("Plaintiff's Motion to Supplement"). [Doc. No. 10]. This memorandum is submitted in opposition to that motion.

Plaintiff's Motion to Supplement cites no legal precedent for supplementing the record here, is not well-founded and should be denied. Consistent with that denial, this Court should not take notice of the two "text orders" referred to in the Motion to Supplement.

First, this Court has inherent authority to control its docket and to determine the appropriate briefs that litigants can file in support of and in opposition to motions brought before the Court. Allowing parties to supplement briefs with "authority" weeks after briefing has been completed simply does not comport with the orderly consideration of motions.

Second, while the presentation of truly new binding "authority" issued after the completion of briefing could be justified to avoid wasting the Court's (and the parties') resources in reaching

1

a decision that might be later reversed in light of the "authority," that justification is not present here. Initially, there is nothing *new* about the "authority." Both orders referred to in the Motion to Supplement were issued in July of this year, approximately one month after PNC Bank filed its reply memorandum on June 19, 2017. [Doc. No. 7]. Moreover, Plaintiff's counsel was the attorney of record in both cases, and obviously had notice of the issuance of the "text orders" long before September 9. Presumably, Plaintiff's delay in bringing these to the Court's attention discloses much about Plaintiff's own opinion about the value of these orders.

Even more significantly, however, neither of the "text orders" is truly "authority" here. The issue of whether the face-to-face meeting requirement is incorporated into Plaintiff's mortgage contract is a matter of Rhode Island contract law. A federal district court opinion on the issue, while potentially of some persuasive value, is simply not controlling here. Thus, the referenced "text orders" are neither *new* nor *authority*, and there is no efficiency justification for allowing the record here to be supplemented by including them in the decision before this Court.

As a substantive matter, however, even if this Court were to permit the record to be supplemented by the inclusion of these two "text orders," they are of little persuasive value here. First, as noted above, they are simply the non-binding opinion of a single federal district court judge. As noted in PNC's briefing, there are other courts throughout the nation that have decided that incorporation is proper – and a minority of whom have also not limited their decisions to defensive uses – under the particular state law at issue in those cases. So PNC Bank has fully disclosed the existence of cases contrary to the majority position. These two additional non-binding cases simply do not tip the scales.

Second, as persuasive authority, Judge McConnell's text orders are not helpful here. Had Judge McConnell gone into detail in his decisions to discuss the incorporation issues, addressing

2

for example the policy rationale for limiting the application of the incorporation to defensive actions and why he chose to reject the majority rule in those cases, a consideration of the "text orders" might be warranted. Had Judge McConnell reviewed any Rhode Island law and grounded his decision on such law, a more extensive review of the "text orders" might be warranted. However, the fact that Judge McConnell chose to issue the briefest of orders on the matter without citing to any precedent strongly suggests that any substantial reliance on those decisions is unwarranted.

Therefore, this Court should deny the Motion to Supplement. If, however, the Court determines that the record should include these two orders, they should be seen for what they are, non-binding orders of very limited persuasive value.

Dated: September 11, 2017         **PNC BANK, NATIONAL ASSOCIATION**

By: */s/ Arthur F. Radke*
Brett Natarelli, Admitted *Pro Hac Vice*
Arthur F. Radke, Admitted *Pro Hac Vice*
Manatt, Phelps & Phillips, LLP
115 South LaSalle Street
Suite 2600
Chicago, IL 60603

*/s/ Harris K. Weiner*
Harris K. Weiner (#3779)
SALTER, MCGOWAN, SYLVIA & LEONARD, INC.
321 South Main Street, Suite 301
Providence, RI 02903
Tel.: 401.274.0300
Fax: 401.453.0073
hweiner@smsllaw.com

**CERTIFICATE OF SERVICE**

  I, Harris K. Weiner, hereby certify that on September 11, 2017 a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to all counsel of record.

                */s/ Harris K. Weiner*

Todd S. Dion, Esq. (#6852)
371 Broadway
Providence, RI 02909
401-353-1230 Phone
401-965-4131 Cell
401-353-1231 Fax
toddsdion@msn.com