**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| DAWARI DAN-HARRY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PNC BANK, NATIONAL ASSOCIATION,<br><br>Defendant. | Civil Action No. 1:17-cv-136-WES-PAS |

**ANSWER OF PNC BANK**

Defendant, PNC Bank ("PNC"), through its attorneys, answers the Complaint of Plaintiff and states as follows:

**[INTRODUCTION]**

1.  PNC acknowledges that Plaintiff purports to bring this action on behalf of himself and all other similarly situated individuals but denies that his action is properly brought as a class action.

2.  PNC affirmatively states that the allegations of Paragraph 2 relate specifically to a claim for declaratory relief which has been dismissed by Court order and therefore makes no answer to the allegations of Paragraph 2.

3.  PNC denies that it was not authorized to accelerate and foreclose Plaintiff's mortgage, or any other putative class member's, and therefore denies that Plaintiff is entitled to any damages. PNC otherwise denies the remainder of the allegation.

**[JURISDICTION AND VENUE]**

4.  PNC admits that venue is proper in this Court, the case having been properly removed from the Rhode Island Superior Court.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. PNC affirmatively states that the allegations of Paragraph 12 relate specifically to a claim for declaratory relief which has been previously dismissed by Court order and therefore makes no answer to the allegations of Paragraph 12.

13. PNC affirmatively states that, to the extent the allegations of Paragraph 13 relate specifically to a claim based on violation of R.I.G.L. § 34-11-34, such claim has been previously dismissed by Court order and therefore makes no answer to the allegations of Paragraph 13. To the extent that the allegations of Paragraph 13 relate to specifically to a claim based on breach of contract for failure to comply with 24 CFR 203.604(b), denied.

14. PNC affirmatively states that, to the extent the allegations of Paragraph 14 relate specifically to a claim based on violation of R.I.G.L. § 34-11-34, such claim has been previously dismissed by Court order and therefore makes no answer to the allegations of Paragraph 14. To the extent that the allegations of Paragraph 14 relate to specifically to a claim based on breach of contract for failure to comply with 24 CFR 203.604(b), denied.

### [PARTIES]

15. Admitted except PNC denies that Plaintiff is the rightful owner of the real property located at 84 Corinth Street, Providence Rhode Island.

16. PNC admits that it is a national bank providing banking services including residential mortgage servicing and denies the remainder of the allegations.

## [GENERAL FACTS AND RELEVANT BACKGROUND]

17. PNC states generally that the allegations of Paragraph 17 relate solely to claims that have been previously dismissed by Court order and therefore makes no answer to the allegations of Paragraph 17. To the extent any allegations may be deemed to be related to the remaining claim, such allegations are denied.

18. PNC states generally that the allegations of Paragraph 18 relate solely to claims that have been previously dismissed by Court order and therefore makes no answer to the allegations of Paragraph 18. To the extent any allegations may be deemed to be related to the remaining claim, such allegations are denied except that PNC admits it is the successor in interest to Commonwealth United Mortgage.

19. PNC states generally that the allegations of Paragraph 19 relate solely to claims that have been previously dismissed by Court order and therefore makes no answer to the allegations of Paragraph 19. To the extent any allegations may be deemed to be related to the remaining claim, such allegations are denied.

20. PNC states generally that the allegations of Paragraph 20 relate solely to claims that have been previously dismissed by Court order and therefore makes no answer to the allegations of Paragraph 20. To the extent any allegations may be deemed to be related to the remaining claim, such allegations are denied.

21. PNC states generally that the allegations of Paragraph 21 relate solely to claims that have been previously dismissed in this action and that no answer is required. To the extent any allegations may be deemed to be related to the remaining claim, such allegations are denied.

22. PNC states generally that the allegations of Paragraph 22 relate solely to claims that have been previously dismissed by Court order and therefore makes no answer to the allegations of Paragraph 22. To the extent any allegations may be deemed to be related to the remaining claim, such allegations are denied.

23. PNC states generally that the allegations of Paragraph 23 relate solely to claims that have been previously dismissed by Court order and therefore makes no answer to the allegations of Paragraph 23. To the extent any allegations may be deemed to be related to the remaining claim, such allegations are denied.

24. PNC denies that Paragraph 24 accurately sets forth the terms of the standard FHA mortgage contract at Paragraph 9(d) either generally or with respect to Plaintiff's mortgage.

25. Denied to the extent inconsistent with the cited statute.

26. Denied to the extent inconsistent with the cited statute.

27. Denied to the extent inconsistent with the cited statute.

### [ALLEGATIONS OF THE NAMED PLAINTIFF]

28. PNC repeats and re-alleges its answers to every allegation above as if set forth herein fully.

29. PNC acknowledges that Plaintiff purports to bring this action on his own behalf and on behalf of members of a class but denies that this action is properly brought as a class action and otherwise denies the allegation.

30. Denied.

31. Admitted except that the note was secured by property located at 84 Corinth Street, Providence, Rhode Island, and not by property located at 311 Plainfield Street.

32. PNC does not understand what Plaintiff means by "designated as an 'FHA' mortgage" and therefore lacks knowledge or information sufficient to form a belief about the truth

of that allegation. PNC admits that Plaintiff's mortgage bears the notation "FHA case number 4510882486-703."

33. Admitted.

34. This allegation calls for a legal conclusion and thus no answer is required. To the extent an answer is deemed required, denied.

35. Admitted except that the specific mechanics of the National City transaction were that PNC Financial Services acquired National City Corporation on December 31, 2008, the latter company merging into PNC Bank, N.A. on the same date, and National City Bank merged into PNC Bank, N.A., on November 6, 2009.

36. PNC admits the allegations of Paragraph 36 but denies the implicit allegation that Plaintiff's loan went into default on or about December 6, 2016, and affirmatively states that Plaintiff's loan went into default on or about January 2012.

37. Admitted.

38. PNC affirmatively states that the allegations of Paragraph 38 relate to a claim for violation of R.I.G.L § 34-11-34 which has been previously dismissed by Court order and that therefore no answer is required. PNC generally denies that did not have authority to foreclose on the subject property.

39. Denied.

40. PNC admits that no face-to-face meeting occurred but denies that it made no effort to arrange such a meeting and denies that it failed to comply with 24 CFR 203.604(b).

41. PNC admits that it has a branch office in New York, New York which is within 200 miles of the subject property. PNC lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegation concerning his occupation of the mortgaged property. To the

extent that Plaintiff asserts conclusions of law in Paragraph 41 based on the PNC New York office, PNC makes no answer to such conclusions of law. To the extent that Paragraph 41 contains additional assertions of fact, such facts are denied.

### [CLASS ALLEGATIONS]

42. PNC repeats and re-alleges its answers to every allegation above as if set forth herein fully.

43. PNC denies that this action is properly brought as a class action under either Rhode Island or federal law.

44. To the extent that the allegations of Paragraph 44 are based on a claim under R.I.G.L. § 34-11-34, such claim has been previously dismissed by Court order and no answer is required.

45. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 45.

46. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 46.

47. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 47.

48. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 48.

49. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 49.

50. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 50.

51. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 51.

52. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC acknowledges further that Plaintiff asserts that certain parties are excluded from the "class" denies that this action is properly brought as a class action regardless of any limitations on the "class."

53. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 53.

54. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 54.

55. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 55.

56. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 56.

57. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 57.

58. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 58.

59. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 59.

60. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 60.

61. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 61.

62. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 62.

63. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 63.

64. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action. PNC further denies the underlying factual allegations in Paragraph 64.

### [COUNT I]
### [DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF VIOLATION OF R.I.G.L. § 34-11-34]

**GENERAL RESPONSE:** Count I of the Complaint has been previously dismissed pursuant to Court order. As a result, PNC does not respond to the allegations of Count I.

### [COUNT II]
### [BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE]

**GENERAL RESPONSE:** Count II of the Complaint has been previously dismissed pursuant to Court order. As a result, PNC does not respond to the allegations of Count II.

### [COUNT III]
### [BREACH OF CONTRACT AND BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING]

**GENERAL RESPONSE:** PNC acknowledges that Plaintiff asserts in Count III that he is suing on behalf of himself and similarly situated persons but denies that this action is properly brought as a class action. PNC answers the allegations of Count III specifically with respect to their truthfulness with respect to Plaintiff, and no other person. To the extent that the allegations of Count III relate to unidentified putative class members, PNC lacks knowledge or information sufficient to form a belief about the truth of those allegations.

100. PNC repeats and re-alleges its answers to every allegation above as if set forth herein fully. To the extent that Plaintiff intends to incorporate by reference here any of the

allegations from Count I and Count II, which counts have been previously dismissed by Court order, to which PNC has not previously answered, PNC denies each and every allegation.

101. PNC acknowledges that Plaintiff asserts that he is suing on behalf of himself and similarly situated persons but denies that this action if properly brought as a class action.

102. Denied.

103. Denied except PNC admits that Plaintiff's mortgage was legally enforceable.

104. Denied except PNC admits that Plaintiff's mortgage was legally enforceable.

105. PNC admits that Plaintiff's mortgage was legally enforceable.

106. Denied except PNC admits that Plaintiff's mortgage was legally enforceable. PNC denies that Plaintiff was ready willing and able to perform his obligations under the Note and Mortgage, and in fact Plaintiff defaulted under those agreements on or about January 1, 2012.

107. PNC denies that it breached any obligations under the Note and Mortgage, and specifically denies that it breached any obligation under Paragraph 9(d) of the Mortgage. Defendant further denies that it failed to make reasonable efforts to hold a face-to-face meeting with Plaintiff as required under 24 CFR 203.604(b). PNC denies any and all remaining allegations in Paragraph 107.

108. Denied.

109. PNC denies that, to the extent that it was legally required to act in good faith and deal fairly with Plaintiff, it failed to act as legally required. PNC denies any and all remaining allegations of Paragraph 109.

110. Denied.

**[COUNT IV]**
**[VIOLATION OF R.I. GEN. LAWS § 6-13 - CONSUMER PROTECTION AND UNFAIR AND DECEPTIVE ACTS AND PRACTICES LAWS]**

**GENERAL RESPONSE:** Count IV of the Complaint has been dismissed pursuant to Court order. As a result, PNC does not respond to the allegations of Count IV.

**WHEREFORE**, Defendant PNC Bank prays for judgment in its favor and against Plaintiff dismissing the action with prejudice, for its costs of suit, and for such further relief as deemed proper by the Court.

**AFFIRMATIVE DEFENSES**

To the extent that PNC Bank is deemed to have breached Plaintiff's mortgage by failing to make a reasonable attempt to hold a face-to-face meeting, which PNC expressly denies, Plaintiff is nonetheless barred from recovering against PNC by the following affirmative defenses:

1. Plaintiff is equitably estopped from claiming a breach by virtue of his subsequent attempts to modify his loan without raising any purported breach by PNC.

2. Plaintiff is barred by laches from asserting his breach of contract claim because he took numerous actions, including an earlier lawsuit against PNC, without raising the breach of contract asserted here, causing PNC to detrimentally rely on his failure to raise the breach.

3. Plaintiff is barred by waiver from asserting his breach of contract claim because he undertook to secure the very relief which would have resulted from the purported breach, an opportunity to secure a modification of the loan.

4. Plaintiff is barred in whole or in part from recovering on his breach of contract claim by amounts owed to PNC as a set-off.

5. Plaintiff failed to mitigate his damages.

**WHEREFORE**, Defendant PNC Bank prays for judgment in its favor and against Plaintiff dismissing the action with prejudice, for its costs of suit, and for such further relief as deemed proper by the Court.

Dated: March 19, 2018                         **PNC BANK, NATIONAL ASSOCIATION**

By:   */s/ Arthur F. Radke*
      Brett Natarelli, Admitted *Pro Hac Vice*
      Arthur F. Radke, Admitted *Pro Hac Vice*
      Manatt, Phelps & Phillips, LLP
      20 N Clark Street
      Suite 3300
      Chicago, IL 60603


      */s/ Harris K. Weiner*
      Harris K. Weiner (#3779)
      SALTER, MCGOWAN, SYLVIA & LEONARD, INC.
      321 South Main Street, Suite 301
      Providence, RI 02903
      Tel.: 401.274.0300
      Fax: 401.453.0073
      hweiner@smsllaw.com


**CERTIFICATE OF SERVICE**

I, Harris K. Weiner, hereby certify that on March 19, 2018 a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to all counsel of record.

                                              */s/ Harris K. Weiner*

Todd S. Dion, Esq. (#6852)
371 Broadway
Providence, RI 02909
401-353-1230 Phone
401-965-4131 Cell
401-353-1231 Fax
toddsdion@msn.com