# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **DAWARI DAN-HARRY**, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**PNC BANK, NATIONAL ASSOCIATION**, )<br>)<br>Defendant. ) | Civil Action No. 1:17-cv-136 |

## STATEMENT OF UNDISPUTED FACTS
## IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT
## OF PNC BANK

Defendant, PNC Bank, National Association ("PNC"), through its attorneys, hereby submits this Statement of Undisputed Facts in Support of the Motion for Summary Judgment of PNC Bank.

The following material facts are undisputed:

1. Plaintiff obtained a mortgage loan from PNC's predecessor, National City Bank of Indiana, to purchase a home at 84 Corinth St in Providence. (Complaint ¶¶ 30, 31, ECF No. 1).

2. In conjunction with that loan (the "Mortgage Loan"), Plaintiff executed a mortgage agreement and promissory note in the amount of $203,000. (Complaint ¶¶ 30, 31, Mortgage, attached as Exhibit 1 to Declaration of Arthur F. Radke).

3. On December 31, 2008, PNC acquired National City Bank of Indiana and became the mortgagee under the Mortgage. (Complaint ¶ 35).

4. Plaintiff failed to make a payments on the loan when due in January 2012 and February 2012, and was in default under the Mortgage. (Plaintiff's Responses to Defendant's First Request for Admissions, No. 2, attached as Exhibit 2 to the Declaration of Arthur F. Radke).[1]

5. Paragraph 9(d) of the Mortgage states as follows:

**Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(Mortgage, attached as Exhibit 1 to Declaration of Arthur F. Radke).

6. The HUD regulation at issue states in relevant part as follows:

''(b) The mortgagee must have a face-to-face interview with the mortgagor, *or make a reasonable effort to arrange such a meeting*, before three full monthly installments due on the mortgage are unpaid. * * *

  * * *

(d) A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of *one letter sent to the mortgagor* certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least *one trip to see the mortgagor* at the mortgaged property * * *.''

24 C.F.R. § 203.604 (2014) (emphases added).

7. On February 27, 2012, PNC mailed a letter to Plaintiff by United States Postal Service certified mail attempting to arrange a face-to-face meeting with Plaintiff as required by the HUD Regulation. (Declaration of PNC Bank, Paragraph 10; letter attached as Exhibit 2 to Declaration of PNC Bank).

8. On March 4, 2012, PNC attempted to make personal contact with Plaintiff and attempted to arrange a face-to-face meeting through its agent, J.M. Adjustment Services, LLC, by

---

[1] The First Requests for Admissions of PNC Bank, National Association Directed to Plaintiff, Dawari Dan-Harry is attached as Exhibit 3 to the Declaration of Arthur F. Radke.

making a trip to the mortgaged property and leaving a second letter at the property. (Declaration of J.M. Adjustment Services, Paragraph 10; Exhibits 1 and 2 to Declaration of J.M. Adjustment Services).

9. Plaintiff did not respond to PNC's reasonable efforts to arrange a face-to-face meeting but later requested a loan modification based on his claim that the mortgaged property had declined in value and that he was only making $400 per week. (Letter of Dawari D. Dan-Harry attached as Exhibit 4 to Declaration of Arthur F. Radke).[2]

10. In total, following PNC's reasonable attempt to arrange a face-to-face meeting, PNC reviewed proposals to modify Plaintiff's mortgage on at least ten (10) occasions, but those attempts were unsuccessful either because Plaintiff failed to complete the required information, because the Borrower's income was insufficient, or because the short sale offer was too low. (Declaration of PNC Bank, Paragraph 13).

11. PNC foreclosed on the property and it was sold to a third party on January 23, 2017. (Complaint ¶ 37).

12. Plaintiff had no equity in the property at the time he defaulted. He cannot establish that he had enough funds to make any mortgage payments at the time. His non-monetary damages consisted only of "stress" for which he never sought any healthcare treatment. (Plaintiff's Responses to Defendant's First Request for Admissions, No. 12 and 15-19, attached as Exhibit 2 to the Declaration of Arthur F. Radke).

Dated: June 29, 2018                                     Respectfully submitted,

**PNC BANK, NATIONAL ASSOCIATION**

*/s/ Arthur F. Radke*

---

[2] Plaintiff admitted to sending this letter in Plaintiff's Responses to Defendant's First Request for Admissions, attached as Exhibit 2 to Declaration of Arthur F. Radke.

        Arthur F. Radke, Admitted *Pro Hac Vice*
        Brett Natarelli, Admitted *Pro Hac Vice*
        Manatt, Phelps & Phillips, LLP
        20 N. Clark Street
        Suite 3300
        Chicago, IL 60602
        (312) 626-1813
        aradke@manatt.com
        bnatarelli@manatt.com

        */s/ Harris K. Weiner*
        Harris K. Weiner (#3779)
        Salter, McGowan, Sylvia & Leonard, Inc.
        321 S Main Street
        Suite 301
        Providence, RI 02903
        (401)274-0300
        hweiner@smsllaw.com

## **CERTIFICATE OF SERVICE**

I, Harris K. Weiner, hereby certify that on June 29, 2018 a copy of the foregoing document, filed through the CM/ECF system, will be sent electronically to all counsel of record.

        */s/ Harris K. Weiner*

Todd S. Dion, Esq. (#6852)
371 Broadway
Providence, RI 02909
401-353-1230 Phone
401-965-4131 Cell
401-353-1231 Fax
toddsdion@msn.com

320557876.1