# EXHIBIT 2

# DECLARATION OF ARTHUR F. RADKE IN SUPPORT OF THE MOTION FOR SUMMARY JUDGMENT OF PNC BANK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DAWARI DAN-HARRY on behalf of himself and all others so similarly situated, )<br>)<br>*Plaintiff*, )<br>)<br>vs. )<br>)<br>PNC BANK. N.A., )<br>)<br>*Defendant*. )<br>) | CA NO. 1:17-CV-136 |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S**
**FIRST REQUEST FOR ADMISSIONS**

1. Your last mortgage payment to PNC on the Mortgage Loan was made on or about December 1, 2011.

**Plaintiff's Response :** Admitted.

2. You were in default under the Mortgage Loan as of February 27, 2012, having missed monthly payment in January 2012 and February 2012.

**Plaintiff's Response:** Admitted.

3. You received an original or copy of the letter attached as Exhibit A, which letter is dated February 27, 2012

**Plaintiff's Response:** Denied.

4. Prior to the filing of the Complaint, you possessed a copy of the letter attached as Exhibit A.

**Plaintiff's Response:**

5. You did not respond to the February 27, 2012 letter from PNC.

**Plaintiff's Response:** Denied in so far as Plaintiff denies receiving said letter.

1

6. You received an original or copy of the letter dated March 1, 2012 attached as Exhibit B PNC

**Plaintiff's Response:** Denied.

7. Prior to the filing of the Compliant, you possessed a copy of the March 1, 2012 letter attached as Exhibit B.

**Plaintiff's Response:** Denied

8. You have not responded to the March 1, 2012 letter attached as Exhibit B.

**Plaintiff's Response:** Denied in so far as Plaintiff denies receiving said letter.

9. You did not have sufficient cash or other funds available on March 1, 2012 to make payments on the Mortgage Loan.

**Plaintiff's Response:** Plaintiff presently can not truthfully admit or deny the matter set forth in this request because he does not have specific knowledge of the matter or recall specific information for which the truth or falsity of the matter may be known.

10. You did not have sufficient cash or other funds available on March 1, 2012 to pay both all debt obligations and payments due on the Mortgage Loan.

**Plaintiff's Response:** Plaintiff presently can not truthfully admit or deny the matter set forth in this request because he does not have specific knowledge of the matter or recall specific information for which the truth or falsity of the matter may be known.

11. You did not have sufficient cash or funds available at any time between March 1, 2012 and January 23, 2017 to make any payments on the Mortgage Loan.

**Plaintiff's Response:** Plaintiff presently can not truthfully admit or deny the matter set forth in this request because he does not have specific knowledge of the matter or recall specific information for which the truth or falsity of the matter may be known.

12. You had no equity in the property securing the Mortgage Loan as of March 1, 2012.

**Plaintiff's Response:** Admit in so far as Plaintiff believes he owed more than what the Property was worth but has no information to formally support this belief.

13. You are aware of no facts supporting your contention that you had any equity in the property securing the Mortgage Loan as of January 23, 2017 even if you had participated in a face-to-face meeting with PNC on or after March 1, 2012.

**Plaintiff's Response:** Denied in so far as the balance on his loan was increased thereby decreasing any equity that may have existed and increasing the amount necessary to discharge the mortgage lien.

14. You have not paid any fees or costs in connection with the foreclosure of the property securing the Mortgage Loan.

**Plaintiff's Response:** Admitted despite the fact that he believes the balance on his account with PNC undoubtedly includes foreclosure fees.

15. You did not suffer any emotional or mental distress as a result of not participating in a face-to-face meeting with PNC.

**Plaintiff's Response:** Denied in so far as Plaintiff reports significant stress due to the fact that his wife and children lived at the property.

16. You did not consult with any healthcare professional regarding any emotional or mental distress from March 1, 2012 to the date these requests for admissions were signed.

**Plaintiff's Response:** Admitted.

17. You did not consult with any healthcare professional regarding any emotional or mental distress from March 1, 2012 to the date of the filing of the Complaint.

**Plaintiff's Response:** Admitted.

18. You were not treated by any healthcare professional regarding any emotional or mental distress from March 1, 2012 to the date these requests for admission were signed.

**Plaintiff's Response:** Admitted.

19. You were not treated by any healthcare professional regarding any emotional or mental distress from March 1, 2012 to the date of the filing of the Complaint.

**Plaintiff's Response:** Admitted.

20. You did not cooperate with PNC at any time after March 1, 2012 in an attempt to secure a modification of the Mortgage Loan.

**Plaintiff's Response:** Admitted.

21. You did not contact any other lender or mortgage broker at any time after March 1, 2012 in an attempt to secure a loan to refinance your mortgage or otherwise pay off or pay down your Mortgage Loan.

3

**Plaintiff's Response:** Admitted

22. You sent the letter dated August 12, 2012 attached as Exhibit C to PNC.

**Plaintiff's Response:** Admitted.

Subscribed and sworn under the pains and penalties of perjury on this the 30 day of November 2017

_____
Dawari Dan Harry

Respectfully submitted,
Plaintiff,
By his attorney,

_____
Todd S. Dion, Esq. (6852)
628 Park Avenue, Suite 2C
Cranston, RI 02910
401-965-4131 Phone
401-353-1231 Fax
toddsdion@msn.com

## CERTIFICATE OF SERVICE

I hereby certify that this document will be sent by email and first class mail Arthur Radke, Esq.. Manatt, Phelps & Phillips, LLP, 20 North Clark Street, Suite 3300, Chicago, IL 60602 ARadke@manatt.com on November 30, 2017.

_____