UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| **DAWARI DAN-HARRY**, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*<br><br>v.<br><br>**PNC BANK, NATIONAL ASSOCIATION**<br><br>*Defendant* | CA # 1:17-cv-136 |

**PLAINTIFF'S STATEMENT OF DISPUTED FACTS IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Dawari Dan-Harry, through his attorney hereby submits this Statement of Disputed Facts in Support of his Opposition to Defendant's Motion for Summary Judgment.

1. Plaintiff obtained a mortgage loan from PNC's predecessor, National City Bank of Indiana, to purchase a home at 84 Corinth St in Providence. (Complaint ¶¶ 30, 31, ECF No. 1).

   Plaintiff's Response:  Not disputed.

2. In conjunction with that loan (the "Mortgage Loan"), Plaintiff executed a mortgage agreement and promissory note in the amount of $203,000.  (Complaint ¶¶ 30, 31, Mortgage, attached as Exhibit 1 to Declaration of Arthur F. Radke).

   Plaintiff's Response:  Not disputed.

3. On December 31, 2008, PNC acquired National City Bank of Indiana and became the mortgagee under the Mortgage.  (Complaint ¶ 35.)

   Plaintiff's Response:  Not disputed.

4. Plaintiff failed to make a payments on the loan when due in January 2012 and Fenruary 2012, and was in default under the Mortgage. (Plaintiff's Responses to Defendant's First Request for Admissions, No. 2, attached as Exhibit 2 to the Declaration of Arthur F. Radke).

   Plaintiff's Response: Not disputed.

5. Paragraph 9(d) of the Mortgage states as follows:

   **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

   (Mortgage, attached as Exhibit 1 to declaration of Arthur F. Radke).

   Plaintiff's Response: Not disputed.

6. The HUD regulation at issue in relevant part as follows:

   "(b) The mortgagee must have a face-to-face interview with the mortgagor, *or make a reasonable effort to arrange such a meeting*, before three full monthly installments due on the mortgage are unpaid. * * *

   * * *

   (d) A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of *one letter sent to the mortgagor* certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least *one trip to see the mortgagor* at the mortgaged property * * *."

   24 C.F.R. § 203.604 (2014) (emphasis added).

   Plaintiff's Response: Not disputed.

7. On February 27, 2012, PNC mailed a letter to Plaintiff by United States Postal Service certified mail attempting to arrange a face-to-face meeting with Plaintiff as

required by the HUD Regulation.  (Declaration of PNC Bank, Paragraph 10; letter attached as Exhibit 2 to Declaration of PNC Bank).

Plaintiff's Response:  Disputed.  Plaintiff denies that the letter Defendant claims it sent on February 27, 2012 was actually sent by the Defendant.  The online USPS tracking system indicates that the tracking number referenced on the letter as 71078381654118236647 is a "Label Created. Not yet in system" (See Plaintiff's Exhibit A).  Plaintiff asserts that this is an indication that the letter was not in fact sent.  Furthermore Plaintiff denies receiving any such letter. (See Plaintiff's Affidavit #s 10, 11).

8.  On March 4, 2012, PNC attempted to make personal contact with Plaintiff and attempted to arrange a face-to-face meeting through its agent, J.M. Adjustment Services, LLC, by making a trip to the mortgaged property and leaving a second letter at the property.  (Declaration of J.M. Adjustment Services, Paragraph 10; Exhibits 1 and 2 to Declaration of J.M. Adjustment Services).

Plaintiff's Response:  Disputed.  Plaintiff denies ever receiving any notice of a face-to-face meeting by J.M. Adjustment Services or PNC Bank either by mail or left at the door of the property (Plaintiff's Affidavit at 10, 11).  The letter Defendant is alleging was left at the property door on March 4, 2012, dated March 1, 2012 and identified as Defendant's Exhibit 2 fails to mention Plaintiff's right to a face-to-face meeting and Defendant admits that no one was at the property during this alleged trip to the property.  The letter allegedly left at the property door is from PNC not J.M. Adjustment Services and the letter fails to mention the letter's purpose and only asks that the Plaintiff call PNC.  It is unclear whether or not this letter was for the purpose

3

of arranging a face-to-face meeting with the Plaintiff. Furthermore, the alleged trip to the property was made on March 4, 2012 which was beyond the mortgage being unpaid for 3 months contrary to the regulation of the HUD Secretary 24 CFR 203.604.

9. Plaintiff did not respond to PNC's reasonable efforts to arrange a face-to-face meeting but later requested a loan modification based on his claim that the mortgaged property had declined in value and that he was only making $400 per week. (Letter of Dawari D. Dan-Harry attached as Exhibit 4 to Declaration of Arthur F. Radke).

   Plaintiff's Response: Disputed insofar as Plaintiff was not aware of any efforts made by the Defendant to arrange a face-to-face meeting. Not disputed insofar as Plaintiff requested a loan modification.

10. In total, following PNC's reasonable attempt to arrange a face-to-face meeting, PNC reviewed proposals to modify Plaintiff's mortgage on at least ten (10) occasions, but those attempts were unsuccessful either because Plaintiff failed to complete the required information because the Borrower's income was insufficient, or because the short sale offer was too low. (Declaration of PNC Bank, Paragraph 13).

    Plaintiff's Response: Disputed insofar as Plaintiff was not aware of any efforts made by the Defendant to arrange a face-to-face meeting. Plaintiff made several attempts to modify and short sell the property but was never made aware how his requests were reviewed and never received an full explanation as to why such efforts were denied.

11. PNC foreclosed on the property and it was sold to a third party on January 23, 2017 (Complaint ¶ 37).

Plaintiff's Response: Not disputed. Plaintiff avers that the foreclosure was a breach of paragraph 9(d) of the mortgage.

12. Plaintiff had no equity in the property at the time he defaulted. He cannot establish that he had enough funds to make any mortgage payments at the time. His non-monetary damages consisted only of "stress" for which he never sought any healthcare treatment. (plaintiff's Responses to Defendant's first Request for Admissions, No. 12 and 15-19, attached as Exhibit 2 to the Declaration of Arthur F. Radke).

Plaintiff's Response: Disputed as to Plaintiff's claim of non-monetary damages because the loss of Plaintiff's home was included in his non-monetary damages.

Dated: July 30, 2018

Respectfully submitted,
Plaintiff, Evelyn Peralta,
By her attorney,

/s/ Todd S. Dion_____
Todd S. Dion, Esq. (6852)
681 Park Avenue, Suite 24
Cranston, RI 02910
401-965-4131 Phone
401-270-2202 Fax
toddsdion@msn.com

## CERTIFICATE OF SERVICE

I, hereby certify that this document, filed through the electronic filing system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on August 8, 2018

/s/ Todd S. Dion_____