UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAWARI DAN-HARRY on behalf of )
himself and all others so similarly situated )
)
*Plaintiff* )
)
v. )  CA. NO. 1:17-cv-00136
)
PNC BANK, N.A., )
)
*Defendant* )

**PLAINTIFF'S AFFIDAVIT IN SUPPORT OF HIS OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I, Dawari Dan-Harry, Plaintiff in the above-entitled matter do hereby depose and state as follows:

1. I claim to be the rightful owner of the property located at 84 Corinth Street, Providence, RI 02907.

2. On December 7, 2005, I executed a mortgage and note both in the amount of Ninety One Thousand Eight Hundred and 00/100 ($203,000.00) Dollars, to National City Bank of Indiana as lender.

3. The Mortgage was designated as an "FHA" mortgage and noted as such on the mortgage itself on page one (1) with the "FHA case number" 4510882486-703.

4. The mortgage stated at paragraph 9(d):

   > 9(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full, and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

5. On or about January 23, 2017, PNC Bank sold the proeprty at mortgagee's foreclosure sale.

6. Prior to the acceleration and sale of my home PNC Bank did not have a face to face interview with me before three full monthly installments due on the mortgage were unpaid, and that PNC Bank made no effort to arrange such a meeting.

7. My property is within 200 miles of a branch office of the PNC Bank and I still occupy the property as my primary residence;

8. I never clearly indicated that I would not cooperate with a face to face meeting because I was never notified that I had that right.

9. I did not enter into a repayment plan, where payments thereunder were current, consistent with my circumstances to bring her account current, thus making a meeting unnecessary.

10. I never received any correspondence or notice from the PNC Bank or its' subsidiaries or agents advising me that I may have a face-to-face meeting or mediation with the PNC Bank.  At no time was did a representative or agent of PNC Bank make a trip to my property located at 84 Corinth Street, Providence, RI 02907.

11. A notice for a face-to-face meeting should have been sent within three months of me not paying my mortgage.  I never received any certified correspondence from PNC Bank and no one ever came by my house to notify me that I could have a face to face meeting with PNC Bank.

12. If I knew I was eligible for a face-to face meeting within 3 months of my mortgage being unpaid I would have displayed my financial information at the time and asked for a loss mitigation option including a loan modification, short sale or deed in lieu. Since to notice of a face to face meeting was not given to me within 3 months of my mortgage being unpaid the balance on my mortgage account grew making it more difficult to obtain a loss mitigation option.

13. If I had a face-to-face meeting I believe I would have been given instructions on what to do or an agreement could have been met and my mortgage would be in good standing right now.

14. My biggest loss was the place I considered my home. Another loss is fees paid to my attorneys over the course of attempting to keep my home. If within a three month period of my mortgage not being paid a face to face meeting would have been conducted I would not have incurred all the late charges and interest fees and penalties on my loan as well as the increase in my escrow balance for the payment of taxes and insurance on the home. I would have worked out an arrangement and would have not lost my home because I would have worked out something to sell my house.

Subscribed and sworn under the pains and penalties of perjury on this the __ day of July 2018.

_Dawari Dan-Harry_
Dawari Dan-Harry

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Providence, on the 27th day of July, 2018 before me personally appeared Dawari Dan-Harry, to me known to be the person whose name is signed on the preceding or attached affidavit, and acknowledged to me that he signed it as his free act and deed.

_____
Notary Public  Corey J. Allum
My Commission Expires: 8/31/19

Respectfully submitted,
Counsel for Plaintiff,

_____
Todd S. Dion, Esq. (6852)
681 Park Avenue, Ste 24
Cranston, RI 02910
401-965-4131 Phone
401-270-2202 Fax