```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

|  |  |  |
|---|---|---|
| DAWARI DAN-HARRY, on behalf of himself and all others so similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 17-136 WES |
| v. | ) ) | |
| PNC BANK, N.A., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

William E. Smith, Chief Judge.

On October 17, 2018, Magistrate Judge Patricia A. Sullivan filed a Report and Recommendation ("R. & R.") in this action recommending that the Court grant summary judgment in favor of the Defendant on Plaintiff's remaining claim for breach of contract. See generally R. & R., ECF No. 41. Plaintiff filed a timely objection on November 2, 2018. See Pl.'s Obj. to R. & R. on Def.'s Mot. for Summ. J. ("Pl.'s Obj."), ECF No. 43. For the reasons stated herein, the Plaintiff's objections are OVERRULED. The Court ACCEPTS Magistrate Sullivan's R. & R., ADOPTS its recommendations and reasoning, and GRANTS the Defendant's Motion for Summary Judgment, ECF No. 28.

I. Discussion

When a party timely objects to a magistrate judge's report and recommendation, the Court reviews the challenged rulings de novo. 28 U.S.C. § 636(b)(1)(C); United States v. Raddatz, 447 U.S. 667, 673-76 (1980). This standard does not, however, entitle an objecting party to "shift gears" before the district judge by interposing arguments that the party failed to raise before the magistrate judge. Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990–91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."). Any such arguments have been waived. See id.

Here, the Plaintiff objects on the grounds that (1) genuine disputes of material fact remain concerning whether the Defendant satisfied the "certified letter" and the "trip to the property" requirements of 24 C.F.R. § 203.604, and (2) the R. & R.'s finding that the Plaintiff has failed to demonstrate damages is erroneous. All these arguments are without merit.

Plaintiff's first set of objections concern the Defendant's proof of compliance with § 203.604, which establishes certain conditions precedent that a mortgagee must satisfy prior to a foreclosure. See 24 C.F.R. § 203.604. Section 203.604(b) provides "[t]he mortgagee must have a face-to-face interview with the

2

mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid."  The regulation also states:

> "A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor <u>certified by the Postal Service as having been dispatched</u>.  Such a reasonable effort to arrange a face-to-face meeting shall also include <u>at least one trip to see the mortgagor at the mortgaged property</u> . . . ."

Id. at § 203.604(d)(emphasis added).

The Plaintiff first argues that the phrase "certified by the Postal Service as having been dispatched" means that any proof of mailing must come <u>from</u> the Postal Service.  See Pl.'s Obj. 2-3.  The record contains no indication that the Plaintiff raised this specific argument before Magistrate Judge Sullivan.[1]  Instead, the Plaintiff argued that the tracking data information his counsel received from the Postal Service website — evidence Magistrate Judge Sullivan correctly concluded was irrelevant and inadmissible — did not conclusively show delivery.  The Plaintiffs thus waived any argument based on interpreting the language of the regulation.  See Paterson-Leitch Co., 840 F.2d at 990-91.

---

[1] The docket does not include a transcript of the hearing on the Defendant's motion, but the Plaintiff cites nothing to support his contention that this issue was mentioned during oral argument.

3

Regardless, the Court is not persuaded to adopt the Plaintiff's creative construction of 24 C.F.R. 203.604(d). The plain language of subsection (d) does not restrict the proof the Defendant may rely on to show that it complied with the regulation. Moreover, the Plaintiff's interpretation of the regulation is, if not unique, contrary to the overwhelming weight of authority. See, e.g., Aazami v. Wells Fargo Bank, N.A., No. 3:17-cv-01564-BR, 2019 WL 281286, *8 (D. Or. Jan. 22, 2019) (describing compliance with § 203.604's "certified-letter provision"); Campbell v. Wells Fargo Bank, N.A., No. 1:14-cv-03341-TWT-JFK, 2016 WL 6496458, at *8 (N.D. Ga. Oct. 6, 2016), adopted by, No. 1:14-CV-3341-TWT, 2016 WL 6462070 (N.D. Ga. Nov. 1, 2016); Countrywide Home Loans, Inc. v. Wilkerson, No. 03 C 50391, 2004 WL 539983, at *1 (N.D. Ill. Mar. 12, 2004) ("The court interprets this straightforward language to require both the sending of a certified letter and a personal visit to constitute a reasonable effort at arranging a face-to-face meeting."); Wash. Mut. Bank v. Mahaffey, 796 N.E. 2d 39, 44 (Ohio Ct. App. 2003) ("Section 203.604(d) clearly prescribes a certified letter as the minimum requirement for a reasonable effort to arrange a face-to-face meeting.").

As for the "trip to the property" requirement, the Plaintiff does not dispute that a trip occurred, but rather objects on the grounds that the trip was untimely as it occurred on March 4, 2012, rather than March 1, 2012. See Pl.'s Obj. 5-6. The Court again

4

disagrees with the Plaintiff's proposed construction of the regulation. It is incumbent on the mortgagee to make a "reasonable effort" to arrange a face-to-face meeting "before three full monthly installments due on the mortgage are unpaid." 24 C.F.R. § 203.604(b) (emphasis added).[2] The regulation is silent concerning whether the mortgagee's efforts must be <u>completed</u> within the three-month timeframe. Here, the Defendant's attempt to arrange a face-to-face meeting with the Plaintiff began on February 27, 2012 with its mailing of a certified letter. Sexton Decl. ¶¶ 9-12, Ex. 1, ECF No. 32. The touchstone of § 203.604(b) is "reasonableness." In the absence of any guidance to the contrary, the Court agrees with the Defendants that it would be unreasonable to interpret § 203.604(b)'s terms to nullify an effort to arrange a meeting that began three days before a third installment became overdue but concluded three days after it lapsed into unpaid status. Indeed, the Plaintiff has highlighted that other courts have found § 203.604's deadlines to be "aspirational" rather than compulsory. Pl.'s Obj. 8-9; <u>see also</u> <u>PNC Mtge. v. Garland</u>, 12 MA 222, 2014 WL 1325908, *6 (Oh. App. Ct. Nov. 10, 2016). Thus, the Court concurs with the R. & R.'s finding that the Defendant

---

[2] The Defendant argues that "unpaid" should be interpreted to mean "in default" under the terms of the Plaintiff's note, which would make March 15, 2012 the relevant date. Def.'s Resp. to Pl.'s Obj. 8, ECF No. 45. Plaintiff's promissory note, however, is not included in the summary judgment record.

5

"complied fully with the § 203.604(d) 'reasonable effort' requirement and that there was no breach of its contractual duty to Plaintiff to do so." R. & R. at 11.

The Plaintiff's last objection faults the R. & R.'s finding that Plaintiff failed to demonstrate damages, which would comprise an independent ground for granting judgment in the Defendant's favor as a matter of law. The objection is untenable. Count III of the Complaint alleges breach of contract. Compl. 16, ECF No. 1-1. Damages are a fundamental element of this claim. See Petrarca v. Fidelity & Casualty Ins. Co., 884 A.2d 406, 410 (R.I. 2005). The Plaintiff had no equity in the property and lacked funds to make any mortgage payments at the time of his default. Def.'s Statement of Undisputed Facts ¶ 12, ECF No. 30. In the absence of other evidence, his assertions that a face-to-face meeting would have allowed him to "work out an arrangement" to avoid foreclosure are mere wishful-thinking. Dan-Harry Aff. ¶¶ 12-14, ECF No. 38. The Plaintiff has accordingly failed to offer proof of damages caused by the Defendant's alleged breach of contract. See Rourk v. Bank of America Nat. Ass'n, 2013 WL 5595964, *6 (Oct. 11, 2013), aff'd, 587 Fed. Appx. 597 (11th Cir.2014) ("[I]t was Plaintiff's failure to tender a single payment for nearly two years that caused her default status and the foreclosure . . . . even if Plaintiff had demonstrated that Defendant failed to make a reasonable effort to arrange a face-to-face meeting with

6

her, she has not established that such a failure caused her any damages.")

II. Conclusion

For the foregoing reasons, Plaintiff's Objection to the Report & Recommendation on Defendant's Motion for Summary Judgment (ECF No. 43) is OVERRULED. The Court ACCEPTS Magistrate Sullivan's Report and Recommendation (ECF No. 41) and ADOPTS its recommendations and reasoning. Consequently, the Defendant's Motion for Summary Judgment (ECF No. 28) is GRANTED.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date: March 18, 2019